## H. W. REYNOLDS v. THE STATE OF NORTH CAROLINA.

The "recommendatory jurisdiction" over claims against the State, conferred upon the Supreme Court by the Constitution (Art. IV., Sec. 11,) does not extend to the settlement of disputed questions of fact, but only to the decision of such important questions of law as may arise in claims, the facts in which are agreed upon.

(*Bledsoe* v. *The State, ante* 392, cited and approved )

CLAIM *against the State,* filed in this Court, January 1870, and heard under Art. IV, Sec. 11, of the Constitution of the State.

The subject of the claim was the value of forty-four bales of cotton, said to have been sold by the State for about $6,290 00. The case set up by the plaintiff, a citizen of Vir-

.ginia, was, that he had purchased the cotton during the late war, in South Carolina; that it had remained there in his possession until September 1865, when it was seized with military, force by one Mitchum; that he subsequently transferred it to Charlotte, N. C., at which place it was taken from him for the United States Government, by one Captain Leffingwell, U. S. A.; and that afterwards, about November 1865, Leffingwell transferred it to the State of North Carolina, in part satisfaction of a claim which the latter had against the United States, for other cotton seized by them.

This statement was controverted by the State.

*Moore,* and *Battle & Sons,* for the claimant.
*Attorney-General, contra.*

PEARSON, C. J. We are fully satisfied, on a perusal of the papers in the proceeding, of the correctness of the view taken in *Bledsoe* v. *State, ante,* 392, to-wit: that our "recommendatory jurisdiction" in regard to claims against the State, does not embrace cases involving mere matters of fact, and that it was not the intention of the framers of the Constitution to impose upon the Court the labor of the trial of facts, and that the jurisdiction is confined to claims where the facts being agreed on, it was supposed an opinion of the Supreme Court on important questions of law, would aid the General Assembly to dispose of such cases; it having been before a question, whether the Judges could consistently with their constitutional duties, communicate an opinion to the Legislature.

In this case there does not seem to be any important question of law presented by the evidence; but the matter depends on the facts as they may be arrived at from an examination and consideration of conflicting affidavits and loose statements, in reference mainly to the identification of the

cotton. Supposing the cotton to be sufficiently identified, as a matter of fact, which this Court does not assume the task of settling, we are inclined to the opinion that the legal effect of the order of Captain Leffingwell, which recognizes Mitchum, as an agent of the United States Government, and directs the Charlotte and South Carolina Rail Road Company to deliver the cotton to the department as property of the United States, taken in connection with his subsequent order transferring the cotton to the State of North Carolina in satisfaction of a claim admitted by him to be well founded, is to make the government of the United States *primarily liable* to the plaintiff, if he can establish his claim and put himself in a condition to be allowed to assert it, (*Mrs. Alexander's cotton*, 2 Wall. 404); and that the State cannot be resorted to *in the first instance*, if she can be made liable at all, for accepting the cotton in satisfaction of a valid claim, from an agent of the United States, having it in his possession and assuming the right to dispose of it as property of his government.

The complaint will be dismissed at the costs of the plaintiff.

PER CURIAM.                    Ordered accordingly.