SINCLAIR, OWENS & BROWN *v.* THE STATE OF NORTH CAROLINA.

The Act of 1868-'69, chap. 108, sec. 32, which declares that every non-resident who shall sell any spirituous liquors, by sample or otherwise, whether delivered or to be delivered, shall pay an annual tax of fifty dollars, and a tax of like amount as is payable by residents on their purchases or sales, as the case may be, of similar articles," is an act of the State imposing a discriminating tax upon non-resident traders trading in the State, and is repugnant to the Constitution of the United States and void.

That provision in the Constitution of the State, Art. 4, sec. 11, which ordains that " the Supreme Court shall have original jurisdiction to hear claims against the State, but its decisions shall be merely recommendatory," &c., ought not to be invoked in matters of small value, particularly when there is no doubt about the law. The claimant should apply at once to the Legislature for relief.

This is the case of a CLAIM against the State, presented to the Court at the last term, under the 11th section of Article 4th of the Constitution. The claimants, who are traders and dealers in spirituous liquors, &c., in the City of Baltimore, and State of Maryland, allege that in June, 1869, they paid to the sheriff of Cumberland county, in this State, a tax of $50 for the State, under the Act of 1868-'69, chap. 108, sec. 33, which enacts as follows: " Every non-resident, who shall sell any spirituous or malt liquors, goods, wares or merchandise, by sample or otherwise, whether delivered or to be delivered, shall pay an annual

tax of fifty dollars, and a tax of like amount as is payable by residents on their purchases or sales as the case may be, of similar articles," &c. They represent that the said tax is a discriminating tax upon non-residents, and therefore contrary to the provisions of the Constitution of the United States and void. They exhibit a copy of the receipt of the sheriff of Cumberland for the tax of $50, dated June 14th, 1869, but they do not allege, nor exhibit any proof, that the tax was paid under protest.

Upon a reference to the clerk of the Court, he reports the facts to be true as stated in the complaint.

*Hinsdale*, for the claimant.
*Attorney General Hargrove*, for the State.

SETTLE, J. We have no hesitation, following the authority of *Ward* v. *Maryland*, 12 Wallace 418, in declaring the provision of the Act of 1868–'69, chap. 108, under which this tax was collected, unconstitutional.

The opinion of the Court in the case referred to is clear and explicit. We will not repeat the reasoning upon which it is founded, deeming it sufficient to say that the Act in question imposes a tax which discriminates against traders who are non-residents, and in doing so violates the Constitution of the United States, which ordains in Art. 4, sec. 2, " The citizens of each State shall be entitled to all privileges and immunities of citizens in the several States."

And further it would seem to be an infraction of Article 1, sec. 8, which ordains that " Congress shall have power to regulate commerce among the several States."

We have thought proper to say this much upon the question of law raised by the pleadings; but we are inclined to regard the present application as an abuse of the jurisdiction conferred upon the Court by our State Constitution, which ordains Art. 4, sec. 11, that "the Supreme Court shall

have original jurisdiction to hear claims against the State, but its decisions shall be merely recommendatory; no process in the nature of an execution shall issue thereon; they shall be reported to the next session of the General Assembly for its action."

As our decisions are merely recommendatory, and are to be reported to the General Assembly, which is the only branch of the government that can afford relief, it is fair to presume that that body would give due consideration to a decision of the Supreme Court of the United States. Then why invoke our decision upon a point of law which has so recently been decided by the highest judicial authority in the land?

As a general rule taxes paid without protest will not be refunded. So far as we can see the plaintiffs paid this tax, which in view of the jurisdiction invoked, is so small as to fall within the maxim *de minimis non curat lex,* without protest, and after the expiration of three years ask to have it refunded.

The matter is without legal embarrassment, and proper only for the consideration of the Legislature.

PER CURIAM.                    Complaint dismissed.