*WILLIAM HORNE v. STATE OF NORTH CAROLINA.

*Claim against the State.*

An owner and holder of a bond of the state and coupons past due thereon, has a right to invoke the recommendatory jurisdiction of the supreme court to pass upon the validity of the coupons as a claim against the state, under article four, section nine of the constitution, and section 416 of the code. A motion by the state to dismiss was refused.

(*Sinclair* v. *State*, 69 N. C., 47 ; *Bledsoe* v. *State*, 64 N .C., 392 ; *Reynolds* v. *State*, *Id.*, 460, cited and approved.)

CLAIM against the The State heard at January Term, 1880, of THE SUPREME COURT.

The application of plaintiff for leave to constitute an action against the state was made at June term, 1879, and the court declining at that time to pass upon the question of leave or the merits, ordered a copy of the complaint to be furnished the governor to the end that he may make such defence against the motion or otherwise at the next term,

---

*Smith, C. J., did not sit on the hearing of this case.

as he may be advised. And at this term, the attorney general in behalf of the state moved to dismiss for want of jurisdiction.

*Mr. W. P. Batchelor,* for the plaintiff.
*Attorney General,* for the State.

ASHE, J. At June term, 1879, of this court, an action was instituted by the plaintiff against the state of North Carolina for a claim alleged to be due by the state to plaintiff, as set forth in his complaint then filed, as the law directs, in the office of the clerk of this court.

The complaint alleges substantially that the plaintiff is the owner and holder of a bond of the state, issued under and by virtue of an act of the general assembly of said state, ratified on the 3rd day of February, 1869, and entitled " an act to amend the charter of the Western railroad company "; that the bond is for one thousand dollars due on the 1st day of April, 1899, and has coupons for interest attached at the value of six per cent. per annum, payable on the 1st of April and 1st of October in each year from 1st of April, 1870, to 1st of October, 1879, inclusive, and that there is now the sum of five hundred and seventy dollars due by the state to the plaintiff, by reason of its failure to pay the interest after demand duly made. And for- this he brings his action, praying for the recommendatory decision of this court, upon his claim, under section nine, article four of the constitution, which is as follows: " The supreme court shall have original jurisdiction to hear claims against the state, but its decision shall be merely recommendatory ; no process in the nature of execution shall issue thereon ; they shall be reported to the next session of the general assembly for its action."

At the June term, 1879, this court deferred taking action on the case until this term, when the attorney general

in behalf of the state, moved to dismiss the action, on the ground that it did not come within the class of claims against the state contemplated by the constitution, to be prosecuted before this tribunal. But after due consideration of the question raised by the motion of the attorney general, we are of the opinion it cannot be sustained, and the court is in duty bound to take cognizance of the case.

In section 416 of the code of civil procedure, it is provided that any person having any claim against the state may file his complaint in the office of the clerk of the supreme court, setting forth the nature and grounds of his claim ; he shall cause a copy of his complaint to be served on the governor, and therein request him to appear in behalf of the state and answer his claim ; the copy shall be served at least twenty days before application for such relief shall be made to the court. This provision of the code is very·broad in its terms, " any person having any claim," and regarded in the light of a cotemporaneous exposition of the constitution would seem to embrace *all* claims against the state; but this court in construing the section of the constitution referred to held that it was intended to apply only to cases wherein questions of law were involved, and that the jurisdiction of this court ought not to be exercised in small matters of small value, particularly when there is no doubt about the law. *Sinclair* v. *State,* 69 N. C., 47 ; *Bledsoe* v. *State,* 64 N. C., 392 ; *Reynolds* v. *State, Id.,* 460. In this case, the court must take notice of the fact, from the legislation had in reference to the class of bonds from which the coupons now sued on were detached, that grave questions of law may arise in the investigation of the cause, and that it is therefore a proper case to invoke the jurisdiction of this court.

The governor having at this term made appearance in behalf of the state, through the attorney general, he is given until the first day of the next June term of this court,

to answer or demur to the complaint, or take such other course in the premises as he may be advised in behalf of the state.

PER CURIAM.                                     Motion refused.