KINDRED REEVES v. THE STATE OF NORTH CAROLINA.

*Claims against the State—Jurisdiction of the Supreme Court.*

The Supreme Court has jurisdiction only to pass on claims against the State, when questions of law are involved. If the claim only involves questions of fact, the Legislature is the proper place to get redress.

(*Bledsoe* v. *The State*, 64 N. C., 392; *Reynolds* v. *The State*, *Ibid.*, 460; *Sinclair* v. *The State*, 69 N. C., 47, cited and approved).

This was a CLAIM against the State, filed in the Supreme Court on March 7th, 1885, in accordance with the provisions of Art. IV, §9 of the Constitution, and heard at October Term, 1885.

The petition alleged that the claimant had furnished to one Troy, the agent of the State for the purpose of providing for the convicts working on the Western Division of the Western North Carolina Railroad, firewood of the value of one hundred and fifty dollars, for the use of the convicts, and that no part thereof had been paid.

The State filed an answer to the petition, denying all of its allegations.

*Messrs. Howell & Moody*, for the petitioner.
*Attorney General*, for the State.

MERRIMON, J.   It seems to us that the alleged claim of the petitioner against the State, is not such a one as the Court ought to take original jurisdiction of.   As has been repeatedly said, the purpose of the Constitution, Art. IV, §9, is not to impose upon it the duty of passing upon any and all claims that a party may prefer against the State, especially when such claims involve mainly questions or issues of fact, and no questions of law of doubt or serious importance; it contemplates that only such claims as present serious questions of law shall be heard here, and to

facilitate this purpose, the Court has authority, as provided in The Code, §948, to direct issues of fact to be tried in the Superior Court. *Bledsoe* v. *The State*, 64 N. C., 392 ; *Reynolds* v. *The State, Ibid.*, 460 ; *Sinclair* v. *The State*, 69 N. C., 47.

It would be most unreasonable to interpret the section above referred to, as conferring on this Court original jurisdiction of all claims against the State, great and small alike, and whether or not they involve questions of law. Such an interpretation could serve no useful purpose, and would entail upon this Court an amount of additional labor, that would greatly tend to hinder and delay the discharge of its ordinary and appropriate duties. Such meaning has not been attributed to it by the Court, the Legislature, or the Executive branch of the government. If the claim is a plain one, only involving questions of fact, it ought to be taken at once before the Legislature, unless its nature be such as that it may be presented to the Auditor, or some other appropriate authority, for adjustment and allowance.

The pleadings in the case before us present no question of law—only questions of fact. The petitioner alleges simply that he furnished the State, at the request of its agent, wood for fuel of the value of $150, and the State refuses to pay the debt. This the State broadly denies. There is nothing for the Court to decide—nothing so far as appears, that a Legislative committee may not decide as promptly as, and more satisfactorily than, the Court could do. The petition must therefore be dismissed.

Petition dismissed.