STATE on the relation of J. H. BLOUNT, Solicitor, v. W. S. SIMMONS AND COMMISSIONERS OF PAMLICO COUNTY.

*Costs—Liability of State—Judgment Against State.*

Upon the failure of the litigation, the State is, under Section 536 of *The Code*, liable for the costs of an action authorized by Act of the General Assembly and prosecuted in its name by the Solicitor, and judgment may be rendered in such action against the State for such costs. *Query*, as to how the judgment will be satisfied.

This is an action by the State on the relation of the Solicitor of the district to vacate an oyster-bed entry under the Acts of 1893, Chapter 287, Section 4, pending in PAMLICO Superior Court.

At Fall Term, 1894, upon the hearing, the court being of opinion, on the authority of *State* v. *Spencer*, 114 N. C., 770, that the plaintiff was not entitled to recover, the plaintiff submitted to a non-suit, and on its motion judgment was entered against the County of Pamlico for the costs of the action. From said judgment the County of Pamlico (having been made a party for that purpose) appealed to the Supreme Court, and on appeal said judgment was reversed as to taxing the costs against Pamlico county. *State on relation Blount* v. *Simmons*, 118 N. C., 9. On the hearing upon the certificate of the clerk of the Supreme Court at Spring Term, 1896, of Pamlico superior court, his Honor, *Judge Robinson*, on motion of counsel for defendants and the officers of the court, rendered the following judgment, to-wit :

" The Supreme Court having adjudged that so much of the judgment heretofore rendered as taxed the costs against the County of Pamlico was erroneous, it is, thereupon, on motion of Simmons & Ward, attorneys for the officers of

the court and the defendants, adjudged that the County of
Pamlico is not liable for the costs; and further, that the
State of North Carolina do pay the costs of this action, to
be taxed by the clerk, and that the clerk's office do recover
of the State of North Carolina the costs. It is further
ordered that W. J. Leary, present Solicitor, be added as a
relator."

Plaintiff excepted to the judgment, and appealed, assign-
ing as error the part of said judgment that taxes the State of
North Carolina with the costs.

*The Attorney General,* for plaintiff (appellant).
*Messrs. Simmons* and *Ward,* for defendants.

FAIRCLOTH, C. J. : This action was authorized by the
Acts 1893, Ch. 287, Sec. 4. It has been held that the
defendant is not liable for the cost consequent upon the
failure of the action. *Blount* v. *Simmons,* 118 N. C., 9.
His Honor below entered judgment against the State for
the costs of the action, and the State has appealed. Is the
State liable for the costs of its own action unsuccessfully
prosecuted ?

It is urged that no citizen can maintain an action again-t
the State, and that is true. *Battle* v. *Thompson,* 65 N. C.,
406. But this is not an action *against* the State; it is an
action *by* the State, and the State has declared by its own
legislation that in such cases it shall be liable for costs to
the same extent as private parties. *Code,* Sec. 536. The
Attorney General insists that the State cannot be sued in
any case, by reason of its sovereign character, and because
the Constitution, Art. IV., Sec. 9, provides a remedy.
That article is a relaxation of the rule that the State cannot
be sued, and enables the citizen to obtain the opinion of
the Supreme Court as a recommendation to the legislature

and no more.    The application to the Court cannot result in a judgment for the claim of the citizen.    The costs in this case are not strictly a claim against the State, as contemplated by Article IV., Sec. 9, but only an incident of an action by the State for which its agent has assumed that it will be liable to the same extent as private parties.    We find nothing in the Constitution depriving the Legislature of power to enact, *Code*, Sec. 536, and we do not think it will impair the sovereign character of the State to meet its just liabilities, whether in the form of costs or otherwise.

How the judgment will be satisfied is a question not now before us.                                   Affirmed.