MILLER v. STATE.

(Filed March 1, 1904).

1. JURISDICTION — *Supreme Court—Costs—Const. N. C., Art. IV, sec. 9.*

    The supreme court has not original jurisdiction of an action against the state by a clerk of the superior court for fees in an action instituted by the state and for which it has been adjudged liable.

2. JURISDICTION—*Supreme Court—Costs.*

    The supreme court has not original jurisdiction to hear claims against the state in cases in which no question of law is involved.

ORIGINAL PROCEEDINGS in the Supreme Court by Mollie A. Miller, administratrix of Festus Miller, against the State.

*Busbee & Busbee, Womack & Hayes,* for the plaintiff.
*Robert D. Gilmer, Attorney-General,* for the State.

MONTGOMERY, J. Under the terms and provisions of chapter 119 of the Public Laws of 1887, several hundred persons made entries of certain oyster lands subjected to entry

by that act and received grants therefor. By the provisions of chapter 287 of the Public Laws of 1893, the Solicitor of the First Judicial District was directed to institute proceedings in ejectment against such persons as had received grants for natural oyster or clam beds; and under the directions of that statute the Solicitor commenced suit against six hundred and ninety-four of those persons who had received grants under the provisions of the act of 1887. One of the suits was tried and the plaintiff's action was not sustained, and nonsuits were taken in all of the other actions. In the case of *Blount v. Simmons,* 119 N. C., 50, this Court held that the State, under section 536 of The Code, was liable for the costs. Afterwards the plaintiff in this action, in a certain judgment rendered in the Superior Court of Pamlico County against the State for the sum of $4,096.60 on account of fees due the officers in the above-mentioned actions, was adjudged entitled to $3,872.20 thereof for fees due to Festus Miller, Clerk of the Superior Court of Pamlico County, her intestate. Before that judgment was rendered Festus Miller, the plaintiff's intestate, received an Auditor's warrant to the amount of $4,851.41 for fees due him in these cases, but the Treasurer declined to pay the same or any part of it. The plaintiff's intestate, at the session of the General Assembly of 1899, presented her claim against the State for these fees and the matter received a full and careful investigation of that body. The whole proceedings were laid before this Court, and if this was a case where the Court had jurisdiction under Article IV, section 9, of the State Constitution, we could not conscientiously recommend to the General Assembly a settlement of this matter different from the one which was made. We are of the opinion, however, that we have no jurisdiction in the premises. In the first place, the demand of the plaintiff is not such a claim against the State as is in contemplation of Article IV, section 9, of the

Constitution.   In the case of *Blount v. Simmons,* 119 N. C.,
50, this Court said: "The costs in this case are not strictly
a claim against the State as contemplated by Article IV,
section 9, but only an incident of an action by the State for
which its agent has assumed that it will be liable to the same
extent as private persons."   In the next place, there is no
question of law involved in this matter.   Only matters of
fact were in dispute, and they have been passed upon by the
General Assembly; and where such a condition of things ex-
ist we are not called upon to recommend any line of conduct
to the legislative body·   In the case of *Reynolds v. State,*
64 N. C., 460, this Court said: "We are fully satisfied, on
a perusal of the papers in the proceeding, of the correctness of
the view taken in *Bledsoe v. State,* 64 N. C., 392, to-wit, that
our 'recommendatory jurisdiction' in regard to claims against
the State does not embrace cases involving mere matters of
fact, and that it was not the intention of the framers of the
Constitution to impose upon the Court the labor of the trial
of facts, and that the jurisdiction is confined to claims where
the facts being agreed on it was supposed an opinion of the
Supreme Court on important questions of law would aid the
General Assembly to dispose of such cases, it having been be-
fore a question whether the Judges could consistently with
their constitutional duties communicate an opinion to the Leg-
islature."   In *Horne v. State,* 82 N. C., 382, the Court said:
"This provision of The Code is very broad in its terms, 'Any
person having *any* claim,' and regarded in the light of a
cotemporaneous exposition of the Constitution would seem to
embrace all claims against the State; but this Court in con-
struing the section of the Constitution referred to (section
9 of Article IV), held that it was intended to apply only to
cases wherein questions of law were involved, and that the
jurisdiction of this Court ought not to be exercised in small
matters of small value, particularly when there is no doubt

MILLER *v.* STATE.

about the law." In *Reeves v. State,* 93 N. C., 257, the same view was expressed, and the Court added: "If the claim is a plain one, only involving questions of fact, it ought to be taken at once before the Legislature, unless its nature be such as that it may be presented to the Auditor, or some other appropriate authority, for adjustment and allowance." This case, as we have said, does not involve any question of law, for this Court had at its February Term, 1897, in the case of *Blount v. Simmons,* 120 N. C., 19, not only re-affirmed a former ruling that the State was liable for the costs involved in the oyster-bed suits, but had particularly specified the amount of fees which each officer was entitled to for his services; and the Legislature, therefore, could not stand in need of any recommendation from us as to its duty under the law, and the facts they had already passed upon. Counsel for the plaintiff took this view of their duty in connection with their client's claim, knowing that there was no grave question of law involved, and went directly before the Legislature, as they should have done, under the intimation of the Court in the case of *Reeves v. State,* 93 N. C., 257, to have the facts ascertained, and an act passed making an appropriation to their client. We do not feel called upon, therefore, to make any recommendation to the General Assembly in the premises. If we should do so the members of that body would have the right to feel justly offended that we should seek to point out their duty to them in a matter where there was no law question involved and where they had already investigated and passed upon the facts.