### T. JULIAN WARREN v. STATE OF NORTH CAROLINA.

(Filed 2 July, 1930.)

**State E b—Supreme Court will not pass upon a claim against the State when no question of law is involved therein.**

> A claimant against the State is not entitled to the recommendatory jurisdiction of the Supreme Court upon petition presented to it under the provisions of Const., Art. IV, sec. 9, when no question of law is presented by the facts alleged in the petition.

This is a proceeding to enforce a claim against the State of North Carolina for services rendered by claimant to the State Board of Elections, under a contract alleged to have been made with claimant by the assistant secretary of said board. Constitution of North Carolina, sec. 9, Art. IV, C. S., 1410.

The proceeding was duly heard upon the pleadings, consisting of the petition filed by the claimant and the answer filed by the Governor of the State. It appearing from said pleadings that claimant is not entitled to a decision by this Court, in the exercise of its jurisdiction with respect to claims against the State, the proceeding was dismissed.

*T. Julian Warren for claimant.*

*Attorney-General Brummitt and Assistant Attorneys-General Nash and Siler for the State.*

Connor, J. For the purpose of disposing of this proceeding, begun in this Court (Const. of N. C., sec. 9, Art. IV), it may be conceded that the facts are as alleged in the petition, to wit: (1) That claimant performed services for the State Board of Elections, as alleged in the petition; (2) that said services were performed pursuant to a contract of employment made with claimant by the Assistant Secretary of said Board; (3) that said Assistant Secretary had authority to make said contract; and (4) that claimant has not been paid the compensation for said services agreed upon by said contract.

Upon these facts, however, no question of law is presented, the decision of which by this Court would aid the General Assembly in determining whether or not an appropriation should be made for the payment of the claim. For this reason in accordance with authoritative decisions of this Court with respect to its jurisdiction in proceedings for the enforcement of claims against the State, the proceeding was dismissed. *Lacy v. State,* 195 N. C., 284, 141 S. E., 886, and cases cited and reviewed in the opinion of the Court. Where the facts upon which a claim against the State is founded, are in controversy and no question of law is involved, this Court will not, in the exercise of its jurisdiction, conferred by the Constitution of the State, with respect to claims against the State, pass upon the validity of the claim, with a view to recommending payment or rejection of the claim by the General Assembly. In such case, the claimant is not entitled to the aid of this Court in presenting his claim to the General Assembly, nor should he be prejudiced by an adverse decision.

Dismissed.