W. L. COHOON v. STATE OF NORTH CAROLINA AND STATE HIGHWAY COMMISSION.

(Filed 16 September, 1931.)

States E b—**Where complaint presents issue of fact and no important question of law Supreme Court will not exercise recommendatory jurisdiction.**

The original recommendatory jurisdiction of the Supreme Court to hear claims against the State is confined to the powers given by Art. IV, sec. 9, of our Constitution, and is not enlarged by the rules of procedure prescribed by C. S., 1410, to include any claim which may be presented for consideration, and where the complaint presents only an issue of fact and raises no important question of law the proceeding will be dismissed.

THIS is a proceeding invoking the original jurisdiction of the Supreme Court to hear an alleged claim against the State.

On 30 May, 1931, the plaintiff filed with the clerk of the Supreme Court a verified complaint, alleging that he is the owner of a tract of land in Pasquotank County known as Blackacre Farm; that the State Highway Commission is an agency of the State. exercising powers conferred by the General Assembly, including the power of constructing and maintaining public highways connecting county seats and principal towns; that in building Highway No. 34 through the plaintiff's land the Highway Commission constructed a roadbed three or four feet above the mean level of the land and dug a canal parallel with the road; that the road extends about four miles through Dismal Swamp, which is a water-shed draining to the south and southeast and forming the source of the Perquimans River on the south side of the road; that the Highway Commission negligently constructed the roadbed and provided no culverts or other means for the natural flow of the water, thereby concentrating great volumes of water and causing the overflow of the plaintiff's property, in consequence of which his crops have been destroyed and his land has been damaged. The plaintiff estimated his loss at $8,500 and prays that a recommendatory decision be rendered and reported to the next session of the General Assembly for its action.

The defendants filed an answer admitting all paragraphs of the complaint except the fifth, in which the alleged negligence of the defendants is set forth. They allege by way of defense that if the construction of the highway damaged the plaintiff's land, this to the extent of the damage was a "taking" of the land, for which an adequate remedy is provided by law.

*W. W. Cohoon and M. B. Simpson for plaintiff.*
*Charles Ross for defendants.*

ADAMS, J. An objection that the court has no jurisdiction of the subject-matter or that the complaint does not state a cause of action is not waived by the filing of an answer. C. S., 518; *Knowles v. R. R.,* 102 N. C., 59. So, after answering, the defendants moved *in limine* to dismiss the proceeding on the ground that this Court has no original jurisdiction of the cause stated in the complaint. The motion, we think, should be granted.

The Supreme Court is given original jurisdiction to hear claims against the State, but its decisions are merely recommendatory; they must be reported to the next session of the General Assembly for its action; and no process in the nature of execution shall issue thereon.

Constitution, Art. IV, sec. 9. The procedure thus authorized is prescribed by section 1410 of the Consolidated Statutes; but this procedure must not be construed as exceeding the power conferred upon the Supreme Court by the organic law.

The Constitution of 1868 precluded the trial of issues of fact before this Court (Art. IV, sec. 10); and by amendment in the Convention of 1875 it was provided that jurisdiction over "issues of fact" and "questions of fact" should be the same as was exercised by the Court before the adoption of the Constitution of 1868. Art. IV, sec. 8. Before 1868 when a cause was removed from a court of equity to the Supreme Court questions of fact were heard as well as questions of law; and on appeal from a final decree in a court of equity causes were heard in the same way. *Graham v. Skinner,* 57 N. C., 94; *Long v. Holt,* 68 N. C., 53. Under the present Constitution, in suits which are purely equitable, this Court cannot review the evidence or the findings of fact where issues of fact are tried, because such "issues" are determined by a jury as in cases at law; but it is otherwise as to questions of fact. *Coates v. Wilkes,* 92 N. C., 377.

The constitutional provisions heretofore cited do not contemplate the trial in this Court of issues of fact, but only a decision of such questions of law, based upon "our impression of the facts generally," as will make intelligible the decision of the law. *Bledsoe v. State,* 64 N. C., 392. Upon this principle it has been held that the recommendatory or original jurisdiction of the Court is confined to claims in which it is supposed that an opinion on an important question of law would be of aid to the General Assembly in determining the merits of a claim against the State. *Reynolds v. State,* 64 N. C., 460. This is true notwithstanding the broad provision of section 1410 that *any* person having *any* claim against the State may commence the proceeding by filing his complaint. *Horne v. State,* 82 N. C., 382.

It is for these reasons that the Supreme Court, as a rule, will consider only such claims as present serious questions of law and will not take the burden of passing upon "any and all claims that a party may prefer," especially those which involve mainly issues or questions of fact, although in proper cases the Court may order that issues of fact be tried in the Superior Court, as provided in section 1410. *Reeves v. State,* 93 N. C., 257; *Miller v. State,* 134 N. C., 270; *Dredging Co. v. State,* 191 N. C., 243.

In *Bain v. State,* 86 N. C., 49, *Justice Ruffin* stated in the following words the ground upon which the original jurisdiction of the Court is exercised: "The original jurisdiction, the exercise of which the plaintiffs invoke, was conferred upon this Court for the benefit only of such

plaintiffs, and to be used only in such cases, as could not otherwise obtain a footing in the courts, by reason of the State's being the party against whom the claims were to be asserted. If, by the ordinary process of the law issuing from a Court of ordinarily competent jurisdiction, a plaintiff can constitute his case regularly in court, as against a defendant interested in the subject-matter of the action, and under a judgment against whom complete relief can be had, then the case falls neither within the spirit of the Constitution nor the mischief which it was intended to remedy."

The pleadings in the case before us raise the single issue whether the defendants negligently damaged the plaintiff's land; and the defendants say that, if they did, this was a taking of the land for a public purpose, the damage for which should be sought in another forum. *Dayton v. Asheville,* 185 N. C., 12; *Sandlin v. Wilmington, ibid.,* 257. We only advert to this position. In any view, the issue joined is one of fact, and in these circumstances the proceeding in this Court for the enforcement of the plaintiff's claim cannot be maintained. It raises no serious or important question of law, the decision of which would aid the General Assembly upon the controversy which the plaintiff intended to present. *Lacy v. State,* 195 N. C., 284; *Warren v. State,* 199 N. C., 211.

Proceeding dismissed.