STATE OF NORTH CAROLINA ON RELATIONSHIP OF COMMITTEE ON GRIEVANCES OF THE NORTH CAROLINA BAR ASSOCIATION v. H. L. STRICKLAND, ATTORNEY AT LAW.

(Filed 10 November, 1931.)

Costs B a—The State is liable for the costs in a proceeding for disbarment where judgment is rendered in respondent's favor.

Where the proceedings for disbarment of an attorney has not been sustained the costs are taxable against the State under the provisions of C. S., 1236, 214, and an order erroneously taxing them against the county in which the matter was tried will be vacated. *Blount v. Simmons,* 119 N. C., 50, cited and applied.

BROGDEN, J. This cause was disposed of by the opinion of the Court reported in 200 N. C., at page 630. The costs of the action were taxed against Mecklenburg County. Thereupon Mecklenburg County duly filed in this Court a motion to retax the costs upon the theory that the county was not a party to the action, and consequently, not liable for costs.

A disbarment proceeding is regulated by C. S., 208, *et seq.* C. S., 214, provides that "the proceedings must be conducted in the name of the State, and in all cases the solicitor of the district shall appear and prosecute the accusation and be responsible for the faithful discharge of the duties required of him under this article, and he may be assisted by other counsel." C. S., 1236, provides that "in all civil actions prosecuted in the name of the State, by an officer duly authorized for that purpose, the State shall be liable for costs in the same cases and to the same extent as private parties." C. S., 1236, was originally Code, section 536, and was construed in *Blount v. Simmons,* 119 N. C., 50. The Court said: "We find nothing in the Constitution depriving the Legislature of power to enact Code, sec. 536, and we do not think it will impair the sovereign character of the State to meet its just liabilities, whether in the form of costs or otherwise."

The Court is of the opinion that the case of *Blount v. Simmons, supra,* is decisive upon the question of costs, and it is ordered and adjudged that the costs be taxed against the State of North Carolina, and the order heretofore issued taxing the costs against Mecklenburg County is hereby vacated.