J. A. VINSON v. ANNIE L. O'BERRY ET AL.

(Filed 22 January, 1936.)

**1. State E b—**

The original jurisdiction of the Supreme Court to hear claims against the State may not be invoked upon a complaint which presents no serious question of law, but bases the right to recover upon allegations of fact.

**2. Abatement and Revival B b—**

Where an action is pending between the parties, plaintiff may not maintain another action involving the same subject matter, although in the first suit he demands damages and in the second injunctive relief.

DEVIN, J., took no part in the consideration or decision of this case.

THIS is a proceeding invoking the original jurisdiction of the Supreme Court to hear an alleged claim against the State.

Then follows claim for unliquidated damages arising out of alleged breach of contract and tortious interference with plaintiff's contract rights in almost identical language with that appearing in the complaint filed in the case of *Vinson v. O'Berry,* on appeal from Wayne Superior Court, *ante,* 287.

The defendants named in the summons and complaint demur for want of jurisdiction. The State, appearing specially, moves to dismiss.

*Kenneth C. Royall and J. Faison Thomson for plaintiff.*

*Attorney-General Seawell and Assistant Attorneys-General Aiken and Bruton for the State.*

*J. S. Massenburg and Langston, Allen & Taylor for other defendants.*

STACY, C. J. The allegations of the complaint present no serious question of law, and the facts stated therein are not sufficient to invoke the original jurisdiction of the Supreme Court. *Cohoon v. State,* 201 N. C., 312, 160 S. E., 183; *Warren v. State,* 199 N. C., 211, 153 S. E., 864; *Lacy v. State,* 195 N. C., 284, 141 S. E., 886.

Moreover, it appears on the face of the complaint that another action between the same parties, involving the same subject matter, is now pending on appeal from Wayne Superior Court, *Vinson v. O'Berry, ante,* 287, albeit the plaintiff says in his brief he is seeking injunctive relief there and damages here. Still this is not only taking two bites at the cherry, but biting in two places at the same time.

The proceeding must be dismissed for want of jurisdictional showing.

Proceeding dismissed.

DEVIN, J., took no part in the consideration or decision of this case.