An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-165

Filed 17 September 2025

Mecklenburg County, No. 23-CVS-17088

ERIC JOHN VETTE, Plaintiff,

v.

SARAH ANNA SANTOS, Defendant.

Appeal by plaintiff from order entered 23 January 2024 by Judge J. Thomas Davis in Mecklenburg County Superior Court. Heard in the Court of Appeals 28 August 2025.

> *Adkins Law, PLLC, by C. Christoper Adkins, Regina A. Williams, and Dominique V. Barile, for plaintiff-appellant*

> *Spengler & Agans PLLC, by Eric Spengler, and Gallivan, White, & Boyd, P.A., by James M. Dedman, IV, for defendant-appellee*

ARROWOOD, Judge.

Eric John Vette ("plaintiff") appeals from order dismissing without prejudice his claim in Mecklenburg County Superior Court alleging conversion, arising out of an ongoing custody dispute with Sarah Anna Santos ("defendant"), in particular a previous Domestic Violence Order of Protection Consent Order ("Consent Order") and

Memorandum of Judgment / Order ("MOJ"). Defendant contends the trial court erred in dismissing his action based on the "prior pending action" doctrine because the determination of cause of action for conversion was independent of the MOJ, and the defendant's abatement defense was not properly pled as an affirmative defense with specificity. For the following reasons, we affirm the trial court's order.

## I. Background

The parties were involved in a long-term domestic relationship and have two minor children in common. The parties never married but lived together until 2023 at defendant's residence in Charlotte. On 21 July 2023 in Mecklenburg County District Court, the Honorable Alyssa M. Levine granted defendant an Ex Parte Domestic Violence Order of Protection, and on 23 August 2023, the parties entered into the Consent Order, which proscribed any contact by plaintiff for one year except for arranging custody exchange of minor children, and ordered plaintiff to stay away from defendant's workplace and residence, except to retrieve certain possessions while accompanied by a police officer. The District Court also issued the MOJ, which required plaintiff to remove all of his personal belongings from defendant's home, allowing him five consecutive days to complete the process and noting that his "piano might take longer to remove." Although both parties consented to the court's order, the possessions remained at defendant's home after the court's deadline passed, so one month after the specified window for removal, defendant's counsel filed a Motion for Civil Contempt to enforce the MOJ.

Days before defendant filed her motion, however, plaintiff filed a Verified Complaint ("Complaint") in Mecklenburg County Superior Court alleging Conversion of his personal property by defendant, and in the alternate, two statutory causes of action to recover the property, along with a claim for Punitive Damages, all based upon defendant's alleged non-compliance with the MOJ. On 1 November 2023, defendant moved to dismiss the Complaint pursuant to Rule 12(b)(1) and (6) for failure to state a claim and lack of subject matter jurisdiction because the subject matter of the Complaint was already the subject of pending District Court proceedings. On 14 January 2024, defendant filed an Answer and Counterclaim alleging ten causes of action relating to plaintiff's alleged harassment, stalking, assault, trespass, and conversion. In support of her Motion to Dismiss, defendant argued that the court should dismiss the Complaint for failure to state a claim under the "prior action pending" doctrine, because plaintiff's District Court action barred his Complaint as the issues he raised were so "substantially similar as to have been proper for determination by the [district] court as a single litigation in the prior action," quoting *LMSP, LLC v. Town of Boone*, 260 N.C. App. 388, 392 (2018).

When defendant's Motion to Dismiss was heard on 18 January 2024, she argued that the District Court retained jurisdiction over defendant's compliance with the MOJ, and that because resolution of the issue would be necessary to determine plaintiff's claim for conversion, should the Superior Court move ahead, it would risk inconsistent rulings on the question. During argument the court asked plaintiff's

counsel whether the disposition of plaintiff's conversion allegation depended upon the District Court's decision on defendant's Motion for Civil Contempt: "If you lose that down there in District Court, your case goes up in smoke, doesn't it?" Plaintiff contended that it did not because he was seeking damages for conversion that were not available in the District Court action. Nevertheless, plaintiff admitted to filing a Motion for Civil Contempt in District Court to enforce the MOJ.

On 23 January 2024, the Court entered an order dismissing plaintiff's Complaint without prejudice pursuant to Rule 12(b)(6). On 28 March 2024, the District Court issued an Order granting defendant's Motion for Civil Contempt. On 17 September 2024, defendant filed a Notice of Dismissal as to her Counterclaims without prejudice.

## II.    Standard of Review

On appeal of an order allowing a motion to dismiss for failure to state a claim, the applicable standard of review is *de novo. Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400 (2003). The reviewing court will review the pleadings to determine their legal sufficiency and determine whether the lower court correctly dismissed the action. *Stanback v. Stanback*, 297 N.C. 181, 185 (1979).

## III.    Discussion

Plaintiff contends that the Superior Court erred in: (1) granting defendant's Motion to Dismiss his Complaint under the "prior action pending" doctrine because his cause of action for conversion was independent of the MOJ, and (2) in permitting

defendant to assert the defense of abatement when it was "not properly pled as an affirmative defense with specificity." We address each argument in turn.

## A.    Prior Action Pending

Plaintiff first contends that the trial court erred in dismissing his complaint under the "prior action pending" doctrine because his cause of action for conversion was independent of the MOJ.

The "prior action pending" doctrine, a form of plea in abatement, does not dispute the merits of a claim; rather, it objects to the place, time, or method of the claim's assertion. *LSMP, LLC*, 260 N.C. App at 390 (citing *Black's Law Dictionary* 1189 (10th ed. 2014)). Where applicable, the doctrine is adequate grounds for dismissal under North Carolina of Civil Procedure 12(b). *Id.* at 391. The doctrine applies when a prior action is pending between the same parties, affecting the same subject matter, in a court within the state or the federal court having like jurisdiction. *Clark v. Craven Reg'l Med. Auth.*, 326 N.C. 15, 20 (1990).

The test applicable here is whether the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded; where this is the case, "the subsequent action is wholly unnecessary and therefore, in the interest of judicial economy, should be subject to a plea in abatement." *LMSP, LLC*, 260 N.C. App. at 390. For these purposes, an action is "pending" from the time of the issuance of the summons until its final determination by judgment. *Id.*

In the present case, the parties are the same in both the District Court and Superior Court proceedings. The subject matter in both cases is plaintiff's property located at defendant's home. The MOJ explicitly addressed the removal of the plaintiff's property, specifying dates and procedures for its removal. Plaintiff's Complaint likewise alleges the conversion of this property. Although the record shows some disagreement between the parties as to the precise number of tangible items at issue, the overlap in subject matter between the cases is more than substantial.

Furthermore, both parties agree that the dispositive issue in both proceedings is the parties' compliance with the MOJ. In the District Court's contempt hearing, the questions were whether plaintiff timely removed the belongings as required by the MOJ and whether defendant frustrated his ability to do so. Plaintiff's claims in Superior Court necessarily require adjudication of the same issue: which party was at fault for the ongoing presence of the property at defendant's home. As the court noted during the Superior Court hearing on defendant's Motion to Dismiss, plaintiff's conversion theory "goes up in smoke" should the District Court determine that defendant complied with the MOJ. Because his claim's merits would instantly evaporate upon a finding of his non-compliance, Plaintiff's assertion that his claim of conversion is independent of the issue of compliance fails. Accordingly, because the issue of compliance would not actually be determined until the planned contempt

hearing, plaintiff's Complaint sought the Superior Court's preemptive determination of the very issue then pending examination by the District Court.

Even though the relief sought in the two actions is not identical, our cases make clear that the prior action pending doctrine requires a "substantial similarity in the result sought," not identical remedies. *Clark*, 326 N.C. at 22. Plaintiff's contention has been rejected by our Supreme Court as early as 1936 when it held that a plaintiff cannot bring a second action involving the same subject matter against a defendant where an action is already pending between the parties, even if the damages sought are distinct, reasoning: "this is not only taking two bites at the cherry, but biting in two places at the same time." *Vinson v. O'Berry*, 209 N.C. 289, 290 (1936). In such cases an order of abatement is appropriate. *Id.* Therefore, the trial court did not err in dismissing plaintiff's Complaint.

## B.     Waiver of the Plea in Abatement

Plaintiff also contends the court should not have considered abatement because defendant waived the abatement defense. In support of this contention, plaintiff relied on *Clark v. Craven Reg'l Med. Auth.*, where our Supreme Court stated that a "plea in abatement based upon a prior action pending is an affirmative defense and is waived unless pleaded by the party relying on the same." *Clark*, 326 N.C. 15, 20 (1990). Although not specifically enumerated in Rule 12(b) of the N.C. Rules of Civil Procedure, when applicable, the prior action pending doctrine operates as grounds for dismissal under that Rule. *Brooks v. Brooks*, 107 N.C. App. 44, 47 (1992).

As such, these grounds are waived if not raised in either a pre-answer motion or set forth affirmatively in the answer. *Id*.

In her pre-answer Motion to Dismiss, defendant averred:

> "[T]he claims and defense at issue in this litigation are already the subject of two separate and distinct orders entered in certain pending district court proceedings. As such, the Mecklenburg County District Court maintains subject matter jurisdiction to adjudicate the claims and defenses at issue in this matter. Put another way, there are prior pending proceedings and court orders involving the same parties, transactions, and subject matter. If the Mecklenburg County Superior Court were to attempt to adjudicate these claims, it would risk the possibility of rulings which conflict with orders already entered by the Mecklenburg County District Court."

Plaintiff argues the above language was insufficient to preserve the plea in abatement and thereby contends that defendant "did not plea or move for abatement" and thus "waived their right to this affirmative defense." This contention is without merit.

Defendant moved for dismissal under Rule 12(b) because the "claims and defenses at issue" in plaintiff's complaint are "already the subject of two separate and distinct orders entered in certain pending district court proceedings," which would be affected by a conflicting ruling from the Superior Court, and that those proceedings and orders involve "the same parties, transactions, and subject matter." This is clearly sufficient under both Rule 8 and Rule 12 and our case law to raise the issue of abatement for determination. To preserve this defense no "magic words" are

needed. As specifically set forth in Rule 8, all that is necessary is a "short and plain statement sufficiently particular to give the parties notice" of the matters to be proved to support the defense. Defendant's Motion to Dismiss clearly does this. Thus, plaintiff's contention is without merit and bordering on feckless.

IV.    Conclusion

For the foregoing reasons, we affirm the District Court's judgment and order.

AFFIRMED.

Judges COLLINS and FREEMAN concur.

Report per Rule 30(e).