BARNETT OLIVER ADLER, BY HIS NEXT FRIEND, SAM R. ADLER v. WILLIAM EDWARD CURLE, (ORIGINAL DEFENDANT), AND SAM R. ADLER, (ADDITIONAL DEFENDANT).

(Filed 19 April, 1961.)

**Master and Servant § 32: Parties § 4: Appeal and Error § 46—**

In an action against an employer for a negligent injury inflicted by the employee, the employee is a proper but not a necessary party, and when the employee is not made a party originally, later motion to make him a party is addressed to the discretion of the trial court, and the refusal of the motion will not be disturbed on appeal in the absence of abuse of discretion.

APPEAL by defendant Curle from *Sharpe,* S. J. February 1961 Special Civil Term of WAKE.

*Emanuel & Emanuel and Ruark, Young, Moore & Henderson for appellees.*

*Jones, Reed & Griffin and Thomas A. Banks for appellant.*

PER CURIAM. This action was begun 18 September 1959 to recover damages for personal injuries inflicted in the collision of automobiles at the intersection of Elm Street and U.S. Highway 264 in Greenville on the night of 25 March 1959. Plaintiff was an occupant of an automobile owned by his father, Sam R. Adler, driven at the time of the collision by D. T. Calhoun. The complaint was filed 2 October 1959. Original defendant answered 13 November 1959. He denied negligent operation of his vehicle. He alleged Sam R. Adler, father of plaintiff and owner of the vehicle in which plaintiff was riding, furnished it to his son as a family purpose car; the collision resulted from the negligent operation by Calhoun, acting as operator or chauffeur for plaintiff; the negligence of Calhoun barred plaintiff's right to recover and entitled defendant to substantial damages for personal injuries sustained by him, which he prayed for in his counterclaim.

On 29 December 1959 a reply was filed denying the allegations on which the counterclaim was asserted. On 12 January 1960 plaintiff amended his complaint to allege the Curle car was owned by Mrs. Curle, mother of defendant, who kept it for a family purpose car and at the time of the collision it was being operated for the purpose so provided. 3 February 1960 defendants moved to make Sam R. Adler a party defendant. The motion was allowed. Defendant was, on 10 February 1960, permitted to amend his answer. Sam R. Adler was served with process 15 February 1960. 20 March 1960 he answered the counterclaim asserted by the original defendant. He denied liability and asserted a cross action against the original defendant for damages to his automobile. 28 March 1960 plaintiff filed an amended reply to the answer and counterclaim of the original defendant. 29 March 1960 the original defendant filed answer to the amended complaint. 20 May 1960 the original defendant filed a rejoinder to the reply of the additional defendant Sam R. Adler. At the September Term 1960 motions were made to strike designated portions of the pleadings. The motions were heard in October 1960 by Judge Mc-Kinnon. He made an order on that date. 26 October 1960 there was an amendment to the complaint and an amendment to the amended reply. 8 November 1960 there was an answer to the amended complaint. 17 February 1961 the original defendant filed a motion to make Calhoun, the operator of the Adler car, a party. The motion was heard by Judge Sharp at the February Term 1961. The court, in the exercise of its discretion, declined to allow the motion. De-

fendant excepted and appealed. The record now before us, consisting only of pleadings and orders relating thereto, comprises more than forty-nine printed pages. The action was begun more than sixteen months before the motion to make Calhoun a party. Defendant's answer shows Calhoun's relationship to the litigation. That answer was filed more than a year prior to the motion to make Calhoun a party.

Adler's liability to the original defendant for Calhoun's negligence as asserted in the counterclaim is bottomed on the allegation that Calhoun was Adler's servant or agent. The servant in an action for damages against his master is a proper but not a necessary party. Defendant, by his counterclaim having elected to sue Adler, the master, alone, did not have a right thereafter to insist that the agent be made a party. Since Calhoun was not a necessary party, it was a matter in the discretion of the court whether to allow or deny the motion. As such it was not appealable. *Corbett v. Corbett,* 249 N.C. 585, 107 S.E. 2d 165. It is not suggested that there was an abuse of discretion. The foregoing statement of the time taken to put the case at issue would refute any suggestion of abuse if made.

Affirmed.