TOWN OF DAVIDSON, A MUNICIPAL CORPORATION, PETITIONER V.
ALICE STOUGH, RESPONDENT.

(Filed 31 October 1962.)

1. **Appeal and Error § 15.1;   Courts § 6;   Eminent Domain § 9—**

   A motion by petitioner for leave to withdraw its appeal from an order of the clerk confirming the report of the commissioners in comdemnation proceedings is addressed to the discretion of the Superior Court, and the denial of the motion will not be disturbed in the absence of a showing of abuse.

2. **Eminent Domain § 4—**

   Municipal corporations have been given authority to comdemn rights-of-way for water lines if unable to acquire the needed property rights through negotiation. G.S. 160-204, G.S. 160-205, G.S. 160-255 *et seq*.

3. **Eminent Domain §§ 5, 12—   Extent of easement for municipal water lines.**

   The condemnation by a municipality of a 25 foot right-of-way for a water line with right to enter upon the land to construct, maintain, and repair underground pipe and the right to keep buildings and other structures from being located within said right-of-way, together with an easement of 20 feet on each side of the 25 foot right-of-way to excavate and refill ditches and remove trees and undergrowth during periods of construction or repair, vests the right in the city to use the twenty foot strips occasionally for periods of short duration when necessary to repair or reconstruct the lines, and an instruction permitting the jury to assess compensation on the basis that the municipality acquired the continuous and exclusive right to use the entire 65 foot right-of-way must be held for prejudicial error.

APPEAL by petitioner from *McLean, J.*, June 11, 1962 Scheduled "A" Civil Term of MECKLENBURG.

Petitioner supplies its inhabitants with water. To bring water to the filter plant, it was necessary to lay a water pipe line or lines across respondent's property. Unable to agree with respondent on compensation for the easement necessary to perform this public service, petitioner instituted this condemnation proceeding. Commissioners, appointed to determine the amount due respondent, filed their report with the clerk. In due time petitioner filed exceptions which were overruled. The report was confirmed, and petitioner appealed to the Superior Court.

Respondent also filed exceptions to the report of the commissioners, but these were not filed within twenty days of the filing of the commissioners' report. The record does not disclose what order, if any, the clerk made with respect to the exceptions filed by respondent.

An issue to determine the amount of compensation due respondent was submitted to and answered by the jury. Judgment was entered declaring petitioner owned the easements as described in the petition and in favor of respondent for the sum fixed by the jury as compensation. Petitioner excepted and appealed to this Court.

*Howard B. Arbuckle, Jr. for petitioner appellant.*

*Bradley, Gebhardt, DeLaney and Millette, by Ernest S. DeLaney, Jr., for respondent appellee.*

RODMAN, J.  After the parties had offered evidence to support their respective contentions, but before all the evidence had been offered, petitioner asked leave to withdraw its appeal. The court denied the motion, and petitioner assigns this ruling as error.

When an appeal has been perfected, appellant cannot withdraw it without first obtaining the consent of the appellate court. That court may allow or deny the motion in the exercise of its sound discretion. Cf. *Ramsey v. R.R.*, 253 N.C. 230, 116 S.E. 2d 490, and *McDowell v. Kure Beach*, 251 N.C. 818, 112 S.E. 2d 390; *S v. Grundler*, 251 N.C. 177, 111 S.E. 2d 1. Here there is no suggestion the court abused its discretion. Hence its ruling is not reviewable on appeal. *Adler v. Curle*, 254 N.C. 502, 119 S.E. 2d 393.

The sovereign has the power to acquire by condemnation such property as may be necessary for public purposes. It may acquire the property in fee or it may acquire a less estate. *Morganton v. Hutton & Bourbonnais Co.*, 251 N.C. 531, 112 S.E. 2d 111. It may delegate this power to municipal corporations. The grant may be co-extensive with the State's right, or it may limit the right granted. *Mount Olive v. Cowan*, 235 N.C. 259, 69 S.E. 2d 525.

The Legislature has specifically authorized municipal corporations to own and maintain water systems. G.S. 160-255. They are authorized to purchase such "land, right of way, water right, privilege, or easement" as may be necessary for that purpose. G.S. 160-204. If unable to acquire the needed property rights by private negotiation, they may acquire by condemnation. G.S. 160-205.

The petition describes the rights and estates which petitioner seeks in this language: "A permanent easement and right of way 25 feet wide for a water pipe line or pipe lines and mains. . .together with the right to enter upon the real property described in this paragraph at any time, to construct, maintain, and repair underground pipe lines for water and/or mains for the purpose of conveying water over, across, through or under the lands hereinafter described; the right to excavate and refill ditches and/or trenches for the location of said water pipe lines and/or mains; the right to remove trees, bushes, undergrowth and other obstructions interfering with the location, construction and maintenance of said water lines and/or mains; and the right to keep buildings and all structures from being located within said right of way; also, temporary easements of 20 feet on each side of the said permanent right of way and the right to excavate and refill ditches and to remove trees, bushes, and undergrowth only during the period of construction, reconstruction, or repair work on the water pipe line or lines."

It is apparent that petitioner seeks two easements, one called permanent, the other called temporary. The one designated as permanent is limited to an area 25 feet in width. It is the area to be used in transporting water across respondent's land. As to that area, petitioner indicates a clear intent to prevent respondent from making any use of the surface which would in any manner impede petitioner's use and occupancy of the 25-foot strip. Pipes can be laid above or below the surface to the full width of the 25 feet.

The so-called temporary easement is limited to areas 20 feet in width on each side of the 25-foot strip. As to these 20-foot strips, petitioner does not seek to exclude respondent from utilizing the surface rights when not needed to repair the water lines in the 25-foot strip.

The words "permanent" and "temporary" do not, as we interpret the petition, aptly describe the rights sought to be acquired. Both easements, for all practical purposes, are permanent, meaning thereby that termination of the easements and right of reverter are too insignificant to have appreciable value. *Highway Comm. v. Black,* 239 N.C. 198, 79 S.E. 2d 778. The word "permanent," as used in the petition, was intended to denote continuous and exclusive use of the easement. The word "temporary" was intended to indicate that the

right to use was not exclusive; the right would be exercised only occasionally, for periods of short duration when necessary to repair or reconstruct the lines. The rights of the dominant and servient estates with respect to the extent of easements sought by petitioner has been recognized by this Court. *Highway Comm. v. Young*, 200 N.C. 603, 158 S.E. 91, illustrates the rights of the parties with respect to the 25-foot "permanent" easement. *R.R. v. Bunting*, 168 N.C. 579, 84 S.E. 1009, illustrates the parties' rights as to the two 20-foot easements, which the petition designates as "temporary."

The court, in its charge, told the jury respondent "says and contends that while they presently have a pipeline running under the ground, at any time they can construct one over the ground, under the ground, on any portion or any part of this 65 feet and that they can come on it any day they want to. They can dig it up and that even though that she might be able to use it for grazing purposes or something like that, that, and while the title remains in her name, that she has a right to sell it and can sell it, but that it is subject at all times to this easement and that no one can construct any buidings over this easement at any time regardless of whether she retains it or whether she sells it, and she says and contends that that diminishes the fair market value of the property. . ."

Having given the jury the benefit of respondent's contentions with respect to the property taken, it became the duty of the court to inform the jury exactly what property petitioner would acquire. The court undertook to perform this duty by charging: "They (meaning petitioner) are asking that they at any time be allowed to go upon this right of way and dig ditches and that they be allowed to put place pipes under the ground or over the ground or at any place they want to along this property and that they remove the undergrowth and the trees and the bushes along this property and that at any time they want to use this particular right of way for any of the purposes for which they have set forth in this Petition, that is for the maintenance, construction, repair and additions and they have a right to use the entire 65 feet for any purpose they want to consistent with their Petition to condemn. That is, for the use of constructing water lines. So the Court instructs you, members of the jury, that upon your answer to this question the Court will then sign a judgment giving the Town of Davidson that right."

"But the easement confers upon the Town of Davidson complete authority to occupy and use the entire right of way for the purposes of constructing, repairing, or building or making additions to its water line when it deems such action conducive to the interest of the citizens of the Town of Davidson."

Petitioner assigns as error the two last-quoted portions of the charge. The assignments are well taken. They tell the jury that respondent's contentions with respect to the rights which petitioner sought are correct. A casual reading of the petition and the judgment will demonstrate petitioner will be required to pay for greater rights than it seeks or has been awarded. It cannot lay pipes outside the 25-foot easement. It cannot exclude respondent from using the 20-foot easements except when needed by petitioner in repairing or reconstructing the pipe lines on the 25-foot easement. Petitioner must pay fair compensation for the rights which it takes, but it cannot be made to pay for something it has not taken and does not want.

New trial.