DIAMOND BRAND CANVAS PRODUCTS COMPANY, INC. v. LOLA POTTER
CHRISTY.

(Filed 14 October, 1964.)

**1. Pleadings § 3—**

A cause of action by the driver of one vehicle to recover for personal injuries, and a cause of action by the owner of such vehicle to recover for damages to the vehicle are separate and distinct and may not be joined, even though both are against the driver-owner of the other vehicle involved in the collision and both allege the same acts of negligence.

**2. Abatement and Revival § 3—**

The test for determining a plea in abatement for pendency of a prior action is whether the two actions are substantially identical as to parties, subject matter, issues involved and relief demanded.

**3. Same—**

An action solely between the drivers of the two vehicles involved in the collision will not support a plea in abatement to a counterclaim asserted by the owner-driver in a separate action instituted by the owner of the other vehicle involved in the collision.

**4. Same; Torts § 4—**

The owner of a vehicle may not object to the joinder of his driver for the purpose of a counterclaim by defendant-driver, notwithstanding the pendency of another action between the two drivers based upon the same collision, the right to object in such instances being solely in the driver so joined.

APPEAL by plaintiff from *Nettles, E. J.,* Special April 1964 Civil Session of HENDERSON.

Plaintiff, referred to hereafter as Products Company, is a New York corporation, having one of its principal places of business in Henderson County, North Carolina; and defendant, referred to hereafter as Christy, is a resident of Spartanburg, South Carolina.

This action grows out of a collision in Henderson County on April 13, 1963, between a 1963 Buick, owned by Products Company and operated by David Kemp, its president, and a 1959 Chevrolet, owned and operated by Christy.

On May 22, 1963, Products Company and Kemp instituted separate actions against Christy in the General County Court of Henderson County. Products Company (in this action) sued to recover for damage ($1,500.00) to its 1963 Buick. Kemp sued to recover ($25,000.00) for personal injuries. Each action was based on identical allegations with reference to the actionable negligence of Christy.

Christy, a nonresident, removed Kemp's action to the United States District Court for the Western District of North Carolina. On July 22,

1963, she filed in the United States District Court an answer in which she alleged, *inter alia,* a counterclaim against Kemp. She alleged that negligence of Kemp, while acting as agent for Products Company, was the sole cause of the collision and that she was entitled to recover for her personal injuries ($15,000.00) and for the damage to her 1959 Chevrolet ($1,200.00). Too, she alleged that Products Company was a proper party to said action and moved that it be joined as an additional party (defendant) in respect of her counterclaim. (Note: It was stated on oral argument that Christy's said motion in the United States District Court had been denied.)

Christy filed *in this action* on July 29, 1963, an answer in which she alleged, *inter alia,* a counterclaim against Products Company. Her allegations in respect of the negligence of Kemp, agency and her damages are the same as in the counterclaim she filed in Kemp's action. Too, she alleged that Kemp was a proper party to this action and moved that he be joined as an additional party (defendant) in respect of her counterclaim.

Products Company filed a reply in which, *inter alia,* it moved that the counterclaim asserted by Christy against Products Company herein abate (and be stricken from the answer) on account of the pendency of said action (*Kemp v. Christy*) in the United States District Court. The judgment entered by Judge Nettles affirmed orders of the general county court which (1) denied Products Company's plea in abatement and (2) allowed Christy's motion that Kemp be joined as an additional party (defendant) in respect of her counterclaim. Plaintiff excepted and appealed.

*William J. Cocke and Prince, Jackson, Youngblood & Massagee for plaintiff appellant.*

*Van Winkle, Walton, Buck & Wall and Roy W. Davis, Jr., for defendant appellee.*

BOBBITT, J. The record shows both actions were instituted in the general county court on May 22, 1963. Whether they were instituted simultaneously does not appear. It does appear that the counterclaim of Christy against Kemp was filed (July 22, 1963) prior to the filing herein (July 29, 1963) of the counterclaim of Christy against Products Company.

The alleged causes of action of Products Company and of Kemp are separate and distinct. *Thigpen v. Cotton Mills,* 151 N.C. 97, 65 S.E. 750; *Teague v. Oil Co.,* 232 N.C. 65, 59 S.E. 2d 2; *S. c.,* 232 N.C. 469, 61 S.E. 2d 345. Under our decisions, if Products Company and Kemp had

asserted their respective claims against Christy in a single action, their complaint and action would have been subject to demurrer *and* dismissal on the ground of misjoinder of parties and causes of action. "It has been uniformly held by this Court that separate and distinct causes of action set up by different plaintiffs or against different defendants may not be incorporated in the same pleading, and that such a misjoinder would require dismissal of the action." *Snotherly v. Jenrette,* 232 N.C. 605, 607, 61 S.E. 2d 708; Strong, N. C. Index, Vol. III, Pleadings § 18, p. 634.

The plea in abatement asserted by Products Company in its reply is directed to the counterclaim asserted by Christy against Products Company. In the action now pending in the United States District Court, where Kemp is the sole plaintiff and Christy is the sole defendant, Christy has asserted a counterclaim against Kemp.

The rules applicable when considering a plea in abatement on the ground "(t)here is another action pending between the same parties for the same cause" (G.S. 1-127(3)) are stated, with full citation of authority, by Ervin, J., in *McDowell v. Blythe Brothers Co.,* 236 N.C. 396, 72 S.E. 2d 860, and by Winborne, J. (later C.J.), in *Dwiggins v. Bus Co.,* 230 N.C. 234, 52 S.E. 2d 892. Later decisions are cited in *Perry v. Owens,* 257 N.C. 98, 125 S.E. 2d 287.

"The ordinary test for determining whether or not the parties and causes are the same for the purpose of abatement by reason of the pendency of the prior action is this: Do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded?" *Cameron v. Cameron,* 235 N.C. 82, 68 S.E. 2d 796; *Pittman v. Pittman,* 248 N.C. 738, 104 S.E. 2d 880; *Wirth v. Bracey,* 258 N.C. 505, 128 S.E. 2d 810.

We perceive no basis for Products Company's plea in abatement. Products Company is not a party to the action pending in the United States District Court. Kemp and Products Company are not identical parties or in privity but are separate and distinct. *Lumber Co. v. Hunt,* 251 N.C. 624, 112 S.E. 2d 132. A judgment in the action pending in the United States District Court barring Kemp's right to recover would not bar recovery by Products Company in this action. *Coach Co. v. Burrell,* 241 N.C. 432, 85 S.E. 2d 688, and cases cited. Nor would a recovery by Christy on her counterclaim against Kemp entitle Christy to a judgment against Products Company. *Bullock v. Crouch,* 243 N.C. 40, 89 S.E. 2d 749, and cases cited. Christy's sole remedy in respect of the cause of action she asserts against Products Company is by way of counterclaim in this action. *Hill v. Spinning Co.,* 244 N.C. 554, 94 S.E. 2d 677; *Bullard v. Oil Co.,* 254 N.C. 756, 119 S.E. 2d 910.

There remains for consideration the order allowing Christy to join Kemp as an additional party to the end that Christy may assert herein a cause of action against Kemp as well as a counterclaim against Products Company.

Christy, prior to the institution of the Kemp and Products Company actions, could have sued Kemp, the alleged agent, or Products Company, the alleged principal, or both, on the cause of action she now asserts. *Bullock v. Crouch, supra.* Moreover, for reasons stated in *Adler v. Curle,* 254 N.C. 502, 119 S.E. 2d 393, and in *Bullard v. Oil Co., supra,* we perceive no sound basis for Products Company's objection and exception to the order joining Kemp as a party. It is noted that Kemp is not now a party. If and when Kemp is made a party, such pleas, if any, as he may see fit to interpose will be for consideration and decision.

For the reasons indicated, the rulings of the court below were correct and the judgment entered in accordance therewith is affirmed.

Affirmed.