VERNON *v.* REHEIS.

---

JACK E. VERNON, PLAINTIFF v. R. CROSBY REHEIS, DEFENDANT, AND J. STEWART FINCH, ADDITIONAL DEFENDANT.

(Filed 14 January, 1966.)

Parties § 4—

In an action against one partner to recover damages for such partner's breach of agreement to sell plaintiff his one-half interest in the partnership, the other partner, who arranged the meeting but did not participate in the negotiations culminating in the contract, *held* not a necessary party, and the Superior Court properly vacated the order of the clerk making him a party to the action.

APPEAL by defendant Reheis from *Bone, E.J.,* June 1965 Civil Session of ORANGE.

Plaintiff instituted this action to recover the sum of $1,573.26, allegedly due plaintiff by defendant Reheis, by reason of the failure of defendant to comply with the provisions of a contract for the sale of a one-half interest in Ye Olde Tavern, Inc., Chapel Hill, North Carolina, by plaintiff and the purchase thereof by defendant. The contracts with respect to the purchase and sale were pleaded and attached to the complaint as Exhibits A and B.

On 22 April 1965, defendant moved before the Clerk of the Superior Court of Orange County to have J. Stewart Finch made an additional party defendant. The motion was allowed. In his answer, defendant Reheis alleged that J. Stewart Finch, owner of the other one-half interest in Ye Olde Tavern, Inc., approached him about purchasing the interest of the plaintiff in said Tavern, and "solicited on behalf of Jack Vernon an offer to acquire a one-half interest therein. That said J. Stuart *(sic)* Finch arranged a meeting with Jack Vernon at the law offices of an attorney to effectuate a binding offer, which was consummated in the form of Plaintiff's Exhibit A; and later completed on or about June 15, 1962," which latter agreement is plaintiff's Exhibit B.

The additional defendant moved before the trial judge at the June 1965 Civil Session to vacate the order entered by the Clerk of

the Superior Court of Orange County making him a party defendant. The court below held that J. Stewart Finch is neither a proper nor necessary party to this action, and entered an order vacating the order previously entered by the Clerk of the Superior Court of Orange County.

Defendant Reheis appeals, assigning error.

*James R. Farlow for defendant appellant.*

*Manning & Page by James Allen, Jr., for additional defendant appellee.*

PER CURIAM.　J. Stewart Finch was not a party to the contracts entered into by and between the plaintiff and the defendant, upon which contracts the plaintiff is relying for the relief sought in his complaint. Moreover, there is no allegation in the defendant's answer to the effect that Finch was present at any time during the negotiations between the plaintiff and the defendant when the terms set forth in plaintiff's Exhibits A and B were agreed upon and the contracts executed. On the other hand, it is alleged in the answer that Finch was acting for Jack Vernon when he arranged the meeting for Vernon and the original defendant to meet at the office of an attorney to effectuate a binding offer which was consummated as set forth in plaintiff's Exhibits A and B. Furthermore, practically all the matters complained of by the original defendant were incorporated in the contracts entered into between the plaintiff and the original defendant.

In McIntosh, North Carolina Practice and Procedure, 2nd Ed., § 584, page 292, it is said: "* * * Necessary or indispensable parties are those whose interests are such that no decree can be rendered which will not affect them, and therefore the court cannot proceed until they are brought in. Proper parties are those whose interests may be affected by a decree, but the court can proceed to adjudicate the rights of others without necessarily affecting them, and whether they shall be brought in or not is within the discretion of the court. * * *" *Corbett v. Corbett,* 249 N.C. 585, 107 S.E. 2d 165; *Gaither Corp. v. Skinner,* 238 N.C. 254, 77 S.E. 2d 659.

"Ordinarily it is within the discretion of the court to allow or deny a motion to make a party who is not a necessary party to the proceeding a party plaintiff or defendant, and the order entered is not reviewable." *Kimsey v. Reaves,* 242 N.C. 721, 89 S.E. 2d 386. See also *Adler v. Curle,* 254 N.C. 502, 119 S.E. 2d 393.

A careful review of the pleadings leads us to the conclusion that Finch certainly is not a necessary party and that the order entered below should be upheld, and it is so ordered.

Affirmed.