CITY OF CHARLOTTE v. CELIA D. GOTTLIEB, LOUIS A. GOTTLIEB, I. O. BRADY, TRUSTEE, DURHAM LIFE INSURANCE COMPANY AND GOTTLIEB STORES, INC.

(Filed 22 March, 1967.)

**Trial § 33—**

Where the inadvertence of a witness in calculating the value of land on the basis of the number of square feet is discovered and corrected before the jury while the witness is on the stand, it is not required that the trial court, *ex mero motu*, recapitulate and explain the incident.

APPEAL by defendants Celia D. Gottlieb and Louis A. Gottlieb and Gottlieb Stores, Inc. from *Hasty, J.,* December 5, 1966 Schedule D Session, MECKLENBURG Superior Court.

The City of Charlotte brought this action to acquire, for expressway purposes, the title to a specifically described lot of land in the City of Charlotte. The City filed a declaration of taking and deposited therewith the sum of $102,500 as the City's estimate of just compensation for taking the described lot and the building and

improvements thereon. The owners declined to accept the deposit on the ground that it was insufficient justly to compensate them for the taking.

All preliminary questions having been disposed of, a jury was empaneled to fix the amount of just compensation due the owners. Both parties introduced evidence of witnesses qualified to express opinion as to land values in Charlotte and particularly as to the value of the land taken. The only witness for the owners testified in his opinion the market value on the day of the taking was $190,000. One of the witnesses for the City fixed the value at $102,500; the other at $103,975. The jury answered the issue $110,000. From judgment in accordance with the verdict, the owners appealed.

*Henry W. Underhill, Jr., for plaintiff appellee.*

*Bradley, Gebhardt, DeLaney and Millette by Ernest S. DeLaney, Jr., for defendant appellants.*

PER CURIAM. The witnesses appear to have used the square foot value as the unit by which to fix the total value. Admittedly the lot was 188.36 ft. x 92 ft. One of the City's witnesses, by mistake, had calculated total value on the basis of 90 rather than 92 feet. While he was on the stand his error was discovered and corrected before the jury. However, in the Court's statement of the contention of the parties and in the recapitulation of the evidence, the Court did not specifically call attention to the fact that the witness Smith, in his direct examination, had based his estimate of value on 90 rather than 92 feet frontage. At the conclusion of the charge, the appellants failed to request the Court to make any correction or amplification, either of the evidence or the contention of the parties.

The defendants cite and rely on the cases of *Town of Davidson v. Stough*, 258 N.C. 23, 127 S.E. 2d 762 as furnishing ground for a new trial. However, the *Stough* case is not in point here. In *Stough,* the trial court, in charging the jury, had misconstrued the extent of the easement rights which the Town of Davidson had acquired in the owner's property, a material consideration in fixing just compensation. In the case at Bar, the City took the fee in the whole property, leaving the owners nothing. It is difficult to see how the jurors could have been misled or that they did not fully understand the correct measurement of the lot. In the verdict and judgment we find

No error.