JOHN F. CLARK, CHIEF BUILDING INSPECTOR OF THE CITY OF NEW BERN, AND CITY OF NEW BERN, A NORTH CAROLINA MUNICIPAL CORPORATION v. CRAVEN REGIONAL MEDICAL AUTHORITY, A PUBLIC BODY AND A BODY CORPORATE AND POLITIC WHICH HAS ITS PRINCIPAL OFFICE AND PLACE OF BUSINESS IN THE CITY OF NEW BERN, CRAVEN COUNTY, NORTH CAROLINA; S. T. WOOTEN CONSTRUCTION CO., INC., A NORTH CAROLINA CORPORATION WHICH HAS ITS PRINCIPAL OFFICE AND PLACE OF BUSINESS IN WILSON COUNTY, NORTH CAROLINA; JAMES L. CAYTON ASSOCIATES, INC., A NORTH CAROLINA CORPORATION WHICH HAS ITS PRINCIPAL OFFICE AND PLACE OF BUSINESS IN NEW BERN, NORTH CAROLINA; ELECTRICON, INC., A DELAWARE CORPORATION WHICH IS AUTHORIZED TO DO BUSINESS IN THE STATE OF NORTH CAROLINA; AND SOUTHERN PIPING COMPANY, A NORTH CAROLINA CORPORATION WHICH HAS ITS PRINCIPAL OFFICE AND PLACE OF BUSINESS IN WILSON COUNTY, NORTH CAROLINA

No. 343PA89

(Filed 18 January 1990)

1. **Abatement and Revival § 3 (NCI3d)— plea in abatement— prior action pending on appeal**

A prior action which is pending in the appellate division may serve as a prior action pending for the purpose of basing

CLARK v. CRAVEN REGIONAL MEDICAL AUTHORITY

[326 N.C. 15 (1990)]

a judgment of abatement in a subsequent action between the same parties upon the same issues.

**Am Jur 2d, Appeal and Error § 279.**

2. **Abatement and Revival § 3 (NCI3d)— order of abatement — similar parties, subject matter, issues and relief**

The parties, subject matter, issues and relief requested in two actions involving the validity of legislation giving authority to enforce building and other safety codes for a medical center to Craven County rather than to cities located therein were sufficiently similar to warrant issuance of an order of abatement where the City of New Bern is a plaintiff common to both cases and an agent of the City was added as a plaintiff in the second suit; the principal defendant in both suits was the Craven Regional Medical Authority; the redundancy of the second suit as to the principal defendant was not affected by the exclusion from the second suit of two defendants who had been named in the first suit or by the addition to the second suit of two defendants who did not move to abate plaintiffs' action; while the first action requested a declaratory judgment that the legislation in question is unconstitutional and the second case asked for an injunction to prevent construction because of the alleged unconstitutionality of the same legislation, plaintiffs sought in both cases an equitable remedy which would have the effect of compelling defendant medical center to obtain a building permit from and pay fees to plaintiff City of New Bern rather than to Craven County; and the addition of plaintiffs' claim in the second action that the legislation in question applies only to Craven Regional Medical Center rather than to Craven Regional Medical Authority did not preclude abatement since these two entities are in fact one and the same.

**Am Jur 2d, Abatement, Survival, and Revival §§ 20-22.**

3. **Appeal and Error § 6.2 (NCI3d)— preliminary injunction — nonappealable interlocutory order**

The issuance of a preliminary injunction restraining plaintiffs from enforcing stop work orders against defendants could not be appealed prior to final judgment where defendants' counterclaim for damages resulting from plaintiffs' alleged negligent issuance of the stop work order has yet to be decided

on the merits, and plaintiffs have not argued and the record does not show that they will be deprived of a substantial right if the order is permitted to stand pending final resolution by the trial court.

**Am Jur 2d, Appeal and Error § 864.**

ON plaintiffs' petition pursuant to N.C.G.S. § 7A-31(b) for discretionary review prior to determination by the Court of Appeals of an order by *Strickland, J.* dismissing plaintiffs' action and enjoining plaintiffs from enforcing stop work orders against the defendants. Order entered on 15 June 1989, *nunc pro tunc* for 15 May 1989, in Superior Court, CRAVEN County. Heard in the Supreme Court 16 November 1989.

*Ward, Ward, Willey & Ward, by Elizabeth Williams and A.D. Ward, for plaintiff-appellants.*

*Sumrell, Sugg, Carmichael & Ashton, P.A., by Fred M. Carmichael and Rudolph A. Ashton, III, for defendant-appellee, Craven Regional Medical Authority.*

MARTIN, Justice.

The dispositive issue on this appeal is whether the trial court erred in entering an order of abatement of this action. Additionally, a subordinate issue concerning the court's issuance of a preliminary injunction against plaintiffs will be discussed. We find that the trial court's granting of the plea in abatement was proper and that the issue concerning the preliminary injunction is not properly before this Court for review. Therefore, the order of the trial court is affirmed and the case remanded for further proceedings. Only a brief recitation of the facts is necessary for the disposition of this appeal.

In June of 1988 the General Assembly adopted 1987 N.C. Sess. Laws ch. 934 for the purpose of delegating the authority for enforcing state and local building and other safety codes relevant to the Craven Regional Medical Center (currently operating as the Craven Regional Medical Authority) to the County of Craven rather than to any cities located within the county. Plaintiff City of New Bern is a North Carolina municipal corporation located in Craven County. Chapter 934 states in relevant part:

1. Craven County shall have the exclusive jurisdiction as against any city as defined by G.S. 160A-1 for the administration and enforcement of all laws, statutes, code requirements and all other applicable regulations promulgated by the State or any city respecting building, construction, fire and safety codes as the same relate to or are legally applicable to any property owned or leased by the Craven Regional Medical Center.

1987 N.C. Sess. Laws ch. 934. 1986 N.C. Sess. Laws ch. 805 and 1987 N.C. Sess. Laws ch. 341 establish parallel authority with the county as to the New Bern-Craven Board of Education and Craven Community College, respectively.

On 9 November 1988, the City of New Bern initiated an action against Craven Regional Medical Authority, the New Bern-Craven Board of Education, and the Trustees of Craven Community College requesting a declaratory judgment pursuant to N.C.G.S. §§ 1-253 to 1-267. The city based that action on its assertion that the named acts violate article II, section 24 and article XIV, section 3 of the North Carolina Constitution and requested a declaration that they were unconstitutional, null and void. In that case, *City of New Bern v. Board of Education*, docketed in Craven County as 88 CVS 1780 [hereinafter *City of New Bern v. Board of Education*], the trial judge ordered a dismissal on the grounds that the City of New Bern lacked standing to bring the suit. The plaintiff, City of New Bern, appealed directly to this Court on discretionary review prior to determination by the Court of Appeals. Oral argument was heard immediately prior to argument in the case presented here.

The case before us, hereinafter *Clark v. Craven Regional Medical Authority*, was initiated by the plaintiffs following the trial court's decision to dismiss *City of New Bern v. Board of Education*, despite the city's decision to pursue that first case on appeal. In the present case, plaintiffs sought an injunction to halt construction of an addition to and internal renovations of the hospital operated under the auspices of the defendant Craven Regional Medical Authority and located within the corporate limits of the City of New Bern. On the day the complaint was filed, plaintiffs served a stop work order on Craven Regional Medical Authority and all contractors and subcontractors on the construction project, all of whom were also named as defendants in the instant suit. The contractors and subcontractors on site complied with the stop work order and Craven Regional Medical Authority obtained a temporary restraining order

CLARK v. CRAVEN REGIONAL MEDICAL AUTHORITY

[326 N.C. 15 (1990)]

on the following day enjoining enforcement of the stop work order and construction resumed on the hospital addition. Of the named defendants, only Craven Regional Medical Authority answered plaintiffs' complaint or pursued this appeal. Consequently, use of the term "defendant" in this opinion refers only to Craven Regional Medical Authority.

As with the claim in the first case, *City of New Bern v. Board of Education*, plaintiffs in this case alleged that 1987 N.C. Sess. Laws ch. 934 was unconstitutional, null and void. In the original complaint filed in the instant case, plaintiffs asserted that the defendants therefore were obligated to obtain requisite building permits from and pay appropriate fees to the City of New Bern, rather than Craven County, prior to beginning construction of their project. Plaintiffs later amended the complaint to include a charge that even if chapter 934 was constitutional, a point plaintiffs did not concede, that statute did not protect defendant Craven Regional Medical *Authority* in this case but rather addressed Craven Regional Medical *Center*, an entity which plaintiffs alleged to be wholly separate. Under this additional claim, plaintiffs asserted that the *Authority* was responsible for obtaining permits from the city regardless of the constitutionality of chapter 934. Since defendant failed to obtain said permits from the city or to pay the requisite fees to the city, plaintiffs sought an injunction to halt construction on the hospital addition and interior renovations.

In its answer, defendant asserted the affirmative defense of abatement. Defendant also counterclaimed for damages resulting from plaintiffs' alleged negligence in issuing the stop work order when "plaintiffs knew or reasonably should have known the stop work order was void." The defendant asserted that these two cases turned on the same fundamental legal question, the constitutionality of 1987 Sess. Laws ch. 934, and that plaintiffs should not be permitted to relitigate the same issue in the present case while final resolution of the prior case was still pending. The trial court adopted the defendant's reasoning, and allowed defendant's plea in abatement on the grounds "[t]hat the subject matter of 88 CVS 1780 [*City of New Bern v. Board of Education*] and that of this action is substantially the same in that the essence of both actions involve the constitutionality of Chapter 934 of the 1987 Session Laws of the North Carolina General Assembly and that the parties are substantially the same[.]"

CLARK v. CRAVEN REGIONAL MEDICAL AUTHORITY

[326 N.C. 15 (1990)]

On this appeal, plaintiffs have urged this Court to find that the plea in abatement should not have been granted either (1) because the parties, subject matter, issues, and remedies sought in the two cases are not sufficiently similar, or (2) because the pendency on appeal of a prior action dismissed for lack of subject matter jurisdiction should not be grounds for abating a subsequent action brought on similar grounds. We decline to adopt either argument of plaintiffs and find that the plaintiffs' complaint in the present case was correctly dismissed.

[1] At the outset, we must determine whether a prior action which has been dismissed in the trial court and is pending appeal in this Court is a "prior action pending" upon which a plea in abatement can be based. The pendency of a prior action between the same parties for the same cause in a state court of competent jurisdiction works an abatement of a subsequent action either in the same court or in another court of the state having like jurisdiction. *McDowell v. Blythe Brothers Co.*, 236 N.C. 396, 72 S.E.2d 860 (1952); *Cameron v. Cameron*, 235 N.C. 82, 68 S.E.2d 796 (1952). This is so because the court can dispose of the entire controversy in the prior action and in consequence the subsequent action is wholly unnecessary. By abating the second action, a multiplicity of actions is prevented. An action is pending for the purpose of abating a subsequent action between the same parties for the same cause from the time of the issuance of the summons until its final determination by judgment. *McDowell v. Blythe Brothers Co.*, 236 N.C. 396, 72 S.E.2d 860. A plea in abatement based upon a prior action pending is an affirmative defense and is waived unless pleaded by the party relying upon the same. *Id.*; N.C.R. Civ. P. 8(c).

As stated, a prior action is pending until its determination by final judgment. Here, no final judgment has been entered in the prior case of *City of New Bern v. Board of Education*. That case is presently pending before this Court. Although there are decisions in other jurisdictions to the contrary, the better rule appears to be that a plea of abatement may be sustained by a prior action pending while it is on appeal. This is reasonable because otherwise a multiplicity of actions would result, and contrary results could be rendered between the same parties upon the same issues. *See generally* 1 Am. Jur. 2d, *Abatement, Survival, and Revival* § 15 (1962).

CLARK v. CRAVEN REGIONAL MEDICAL AUTHORITY

[326 N.C. 15 (1990)]

This Court sub silentio approved the entry of a judgment of abatement in an action in which the prior action was pending on appeal before this Court. In *Shore v. Brown*, 324 N.C. 427, 378 S.E.2d 778 (1989), this Court affirmed a summary judgment upon the theory that the second action was subject to a plea in abatement because of the pending of a prior action between the same parties involving the same subject matter. In *Shore*, a prior action had been instituted, *Brown v. Lumbermens Mutual Casualty Company*, 90 N.C. App. 464, 369 S.E.2d 367, *disc. rev. allowed*, 323 N.C. 363, 373 S.E.2d 542 (1988), which alleged the same issue pending between the same parties in the *Shore* case. The case of *Brown v. Lumbermens*, 90 N.C. App. 464, 369 S.E.2d 367, was on appeal before this Court and argued at the same session of this Court as the case of *Shore v. Brown*, 324 N.C. 427, 378 S.E.2d 778. Although the Court in *Shore* did not discuss the question of whether a prior action on appeal could serve as the basis for a plea in abatement, the judgment in abatement entered by the trial court in the *Shore* case was approved by this Court. We now expressly hold that a prior action which is pending in the appellate division may serve as a prior action pending for the purpose of basing a judgment of abatement in a subsequent action between the same parties upon the same issues.

[2] We now turn to the issue of whether the judgment of abatement was proper. "The ordinary test for determining whether or not the parties and causes are the same for the purpose of abatement by reason of the pendency of the prior action is this: Do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded?" *Cameron v. Cameron*, 235 N.C. at 85, 68 S.E.2d at 798. *See also Products Co. v. Christy*, 262 N.C. 579, 138 S.E.2d 218 (1964). In the present case, while the parties are not identical we find that they are substantially similar. The City of New Bern is a plaintiff common to both cases, while the Chief Building Inspector of New Bern, an agent of the city, has been added as a plaintiff in this second suit. The first suit named the primary defendant of this suit, Craven Regional Medical Authority, and two additional defendants, New Bern-Craven Board of Education and Craven Community College. The exclusion of two defendants who had been named in the first suit from this second suit has no bearing on the redundancy of this second suit as to the named defendant, Craven Regional Medical Authority. However, plaintiffs added the contractors and subcontractors as

defendants in this second suit. In this regard, we note that only Craven Regional Medical Authority moved to abate plaintiffs' action. The other defendants have not filed responsive pleadings nor are they parties to this appeal. Because a plea of abatement is an affirmative defense, plaintiffs' rights against these additional defendants are not affected by the judgment of abatement. Hence, as to the question of similarity of parties, we find on the facts of this case that the parties are substantially similar.

The subject matter and legal issues involved in the two cases are substantially similar as well. The controversy in both cases arose as a result of the General Assembly's passage of 1987 N.C. Sess. Laws ch. 934. The fact that the earlier suit also challenges the constitutionality of 1986 N.C. Sess. Laws ch. 850 and 1987 N.C. Sess. Laws ch. 341 as they pertain to the institutions named therein should not be allowed to camouflage the fact that as to this defendant the controlling legal issue is the same. Plaintiffs urge the Court to find that the addition of its third claim, assertion of the fact that chapter 934 applies only to Craven Regional Medical Center rather than Craven Regional Medical Authority, should preclude abatement because this second case could be resolved on issues not raised in the first. While we agree that the addition of a substantially different claim would preclude abatement as to that claim, we find that plaintiffs' third claim involves mere technical changes in name and the entities alluded to under both names are in fact one and the same. Hence, we find that plaintiffs' third claim for relief does not constitute grounds for avoiding abatement and that the controlling legal question involved in both cases is the same.

Finally, in examining the similarity in remedies sought in these two actions, we note that the first action requested a declaratory judgment that the laws in question were unconstitutional while the present case asked for injunctive relief to prevent construction because of the alleged unconstitutionality of those same laws. While these remedies are procedurally distinct, as applied in these cases the intended result would be the same. In both cases, plaintiffs have sought an equitable remedy which would have the effect of compelling defendant to obtain a building permit and pay fees to plaintiff City of New Bern rather than to the County of Craven. Under these circumstances, we find that the remedies requested by plaintiffs, while technically distinct from one another, are substantially similar in the result sought. Furthermore, we note that where

CLARK v. CRAVEN REGIONAL MEDICAL AUTHORITY

[326 N.C. 15 (1990)]

an action is pending between the parties, a plaintiff cannot bring another action involving the same subject matter and the same defendant even where the first suit demanded remedies clearly distinct from the second. In examining this question as long ago as 1936 in a case where the plaintiff sought damages in the first suit and injunctive relief in a second suit against the same defendant on the same grounds, this Court concluded "this is not only taking two bites at the cherry, but biting in two places at the same time." *Vinson v. O'Berry*, 209 N.C. 289, 290, 183 S.E. 424, 424-25 (1936). In summary, we find the parties, subject matter, issues involved and relief requested are sufficiently similar to warrant issuance of the order of abatement in this case.

[3] For the reasons set forth above, we find the plea in abatement was properly granted in this case and that plaintiffs' complaint was properly dismissed. We turn now to the section of the trial judge's order which stated, "the Plaintiffs are preliminarily enjoined from enforcing Stop Work Orders against Craven Regional Medical Authority or its contractors and subcontractors thereof until the trial of this matter on the merits." Plaintiffs raise a number of questions regarding the propriety of the issuance of this preliminary injunction and urge us to find that the defendant is not entitled to this relief.

A preliminary injunction is interlocutory in nature. *A.E.P. Industries v. McClure*, 308 N.C. 393, 302 S.E.2d 754 (1983); *State v. School*, 299 N.C. 351, 261 S.E.2d 908 (1980). As a result, issuance of a preliminary injunction cannot be appealed prior to final judgment absent a showing that the appellant has been deprived of a substantial right which will be lost should the order "escape appellate review before final judgment." *State v. School*, 299 N.C. at 358, 261 S.E.2d at 913. In the case before us, defendant's counterclaim for damages resulting from plaintiffs' alleged negligent issuance of the stop work order has yet to be decided on the merits by the trial court. Plaintiffs have not argued that they will be deprived of a substantial right if the order is permitted to stand pending final resolution by the trial court and there is no evidence on the record before us to indicate that they will be so harmed. Thus, upon examining the issue, we find that the issuance of the preliminary injunction is not properly before this Court for review and therefore decline to rule on plaintiffs' arguments at this time.

Based on the reasoning set forth above, we affirm the judgment and order of the trial court and remand this case to Superior Court, Craven County, for further proceedings not inconsistent with this opinion.

Affirmed and remanded.