Crescent Univ. City Venture, LLC v. Trussway Mfg., Inc., 2018 NCBC 71.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

CRESCENT UNIVERSITY CITY
VENTURE, LLC,

            Plaintiff,

v.

TRUSSWAY MANUFACTURING,
INC.; and TRUSSWAY
MANUFACTURING, LLC,

            Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18 CVS 1642

**ORDER AND OPINION ON
DEFENDANT'S MOTION TO DISMISS
AND PLAINTIFF'S MOTION TO
CONSOLIDATE**

1.   **THIS MATTER** is before the Court on (i) Defendant Trussway Manufacturing, LLC's f/k/a Trussway Manufacturing, Inc.'s ("Trussway") Motion to Dismiss and (ii) Plaintiff Crescent University City Venture, LLC's ("Crescent") Motion to Consolidate (collectively, the "Motions") in the above-captioned case.

2.   After considering the Motions, the briefs of the parties in support of and in opposition to the Motions, and the arguments of counsel for the parties at the May 30, 2018 hearing on the Motions, the Court hereby **DENIES** Trussway's Motion to Dismiss and **GRANTS** Crescent's Motion to Consolidate for the reasons set forth herein.

> *Smith Moore Leatherwood LLP, by Timothy P. Lendino and Robert R. Marcus, for Defendant Trussway Manufacturing, LLC f/k/a Trussway Manufacturing, Inc.*

> *Troutman Sanders LLP, by Kiran H. Mehta, Samuel T. Reaves, and Kristen L. Schneider, for Plaintiff Crescent University City Venture, LLC.*

Bledsoe, Chief Judge.

## BACKGROUND

3.  The Court does not make findings of fact when considering a motion to dismiss, but instead recites those facts included in the Complaint that are relevant to the Court's determination. *See Concrete Serv. Corp. v. Inv'rs Grp., Inc.*, 79 N.C. App. 678, 681, 340 S.E.2d 755, 758 (1986).

A.  <u>Factual Background</u>

4.  Crescent owned and developed Circle University City (the "Project"), a student apartment complex near the University of North Carolina at Charlotte. (Compl. ¶ 9, ECF No. 3.) The Project contains 189 apartment units spanning five different buildings. (Compl. ¶ 9.)

5.  Crescent hired AP Atlantic, Inc. d/b/a Adolfson & Peterson Construction ("AP Atlantic") to serve as the general contractor for the Project. (Compl. ¶ 12.) AP Atlantic entered a subcontract with Madison Construction Group ("Madison") under which Madison agreed to provide all labor, materials, supplies, and equipment for all framing and installation work on the Project. (Compl. ¶ 14.) In particular, Madison agreed to supply a complete flooring system, including floor trusses and roof trusses. (Compl. ¶ 14.) Madison hired Trussway to design, manufacture, and supply the floor trusses required for the Project. (Compl. ¶ 15.) Trussway manufactured and delivered these trusses to the Project site. (Compl. ¶¶ 18–19.)

6.  On January 30, 2015, after the Project was complete and occupied by students, the ceiling in Unit C302 began to sag and crack. (Compl. ¶ 20.) Four

months later, the ceilings in Units C101 and E103 similarly dipped and cracked. (Compl. ¶ 24.)

7. Simpson Gumpertz & Heger, Inc. ("SGH"), a structural engineering firm hired by Crescent, inspected the floor truss systems to determine why the ceilings were failing. SGH concluded that the floors in the affected units were sagging because the floor trusses were defective. SGH further concluded that the floor trusses were defective because they contained unnecessary gaps between the metal connector plates ("MCPs") and lumber components of the trusses.[1] (Compl. ¶¶ 22–23, 26.) Following SGH's findings, Crescent hired another general contractor, Summit Contracting Group, to perform a Project-wide repair of all defective trusses. (Compl. ¶ 29.)

8. In total, Crescent incurred approximately $5.2 million in repair costs associated with the Project. (Compl. ¶ 32.) Crescent also spent approximately $2.7 million providing housing for displaced students and sustaining other miscellaneous expenses while Project-wide repairs were performed. (Compl. ¶ 32.)

B. Procedural Background

9. On August 5, 2015, AP Atlantic filed a lawsuit against Crescent (the "AP Atlantic Action"), alleging that Crescent had refused to pay AP Atlantic for general contractor services AP Atlantic provided for the Project. (Mot. Consolidate ¶ 1, ECF No. 9.) AP Atlantic asserted claims against Crescent and Crescent's surety, the Guarantee Company of North America USA. (Mot. Consolidate ¶ 1.)

---

[1] Floor trusses consist of pieces of lumber, known as truss members, held together by MCPs. (Compl. ¶ 22.)

10. On August 19, 2016, Crescent filed a separate suit in Mecklenburg County (the "Crescent Action") against Adolfson & Peterson, Inc. ("A&P"), AP Atlantic's parent corporation, for damages related to the failure of the Project's floor trusses. (Pl.'s Mot. Consolidate ¶ 3.) The Crescent Action bears the filing number 16 CVS 14844.

11. On October 10, 2016, the Crescent Action was consolidated with the AP Atlantic Action (the "Consolidated Action"). Order Mot. Consolidate at 3–4, *Crescent Univ. City Venture, LLC v. AP Atl., Inc.*, No. 15 CVS 14745 (N.C. Super. Ct. Oct. 10, 2016) [hereinafter "Order Mot. Consolidate"], ECF No. 98. The Court ordered that the AP Atlantic Action be designated as the "Lead Action" and that "[a]ll disputed issues raised in either the Crescent Action or the AP Atlantic Action . . . be deemed to be disputed issues in the Lead Action." (Order Mot. Consolidate ¶ 7(c).) Trussway is currently a third-party defendant in the Consolidated Action as the result of claims brought by AP Atlantic.[2]

12. On January 25, 2018, Crescent filed this action and asserted a separate negligence claim against Trussway. This new suit against Trussway involves the manufacturing, delivery, and supply of floor trusses for the Project. (Compl. ¶¶ 37–41.)

---

[2] Trussway was initially characterized as a direct defendant in the AP Atlantic Action, but AP Atlantic's claims against Trussway were asserted in the alternative in the event the trusses were found to be defective—a fact AP Atlantic has consistently denied. Am. Compl. at 1, *Crescent Univ. City Venture, LLC*, No. 15 CVS 14745 (Nov. 20, 2015), ECF No. 6. After several rounds of amended pleadings and a settlement agreement further changed the claims in the Consolidated Action, the parties and the Court agreed that Trussway is a third-party defendant in the Consolidated Action. Order Consent Mot. Realign Parties at 5, *Crescent Univ. City Venture, LLC*, No. 15 CVS 14745 (Dec. 11, 2017), ECF No. 284.

13.     On February 14, 2018, Crescent filed its Motion to Consolidate, seeking to consolidate this action with the Consolidated Action.

14.     On March 16, 2018, Trussway filed its Motion to Dismiss, asserting the "prior action pending" doctrine as a bar to the claims in this lawsuit.

II.

MOTION TO DISMISS

15.     "The 'prior pending action' [or prior action pending] doctrine involves essentially the same questions as the outmoded plea of abatement, and is . . . intended to prevent the maintenance of a subsequent action that is wholly unnecessary." *Johns v. Welker*, 228 N.C. App. 177, 179, 744 S.E.2d 486, 489 (2013) (quoting *Shoaf v. Shoaf*, 219 N.C. App. 471, 475, 727 S.E.2d 301, 305 (2012)). A motion to dismiss a claim or case on such grounds "is a preliminary motion of the type enumerated in Rule 12(b)(2)–(5) and the time for filing such motion is governed by that rule." *Brooks v. Brooks*, 107 N.C. App. 44, 47, 418 S.E.2d 534, 536 (1992). A failure to raise the prior action pending defense either in a pre-answer motion or in an answer is a waiver of the defense. *Id.* As stated by the Supreme Court of North Carolina, "[t]he ordinary test for determining whether or not the parties and causes are the same for the purpose of abatement by reason of the pendency of the prior action is this: Do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded?" *Clark v. Craven Reg'l Med. Auth.*, 326 N.C. 15, 21, 387 S.E.2d 168, 172 (1990) (quoting *Cameron v. Cameron*, 235 N.C. 82, 85, 68 S.E.2d 796, 798 (1952)).

16. A motion to dismiss under the prior action pending doctrine is usually treated as a motion under North Carolina Rule of Civil Procedure 13(a), the compulsory counterclaim rule, and when ruling on such a motion, the trial court "properly considers the record in the prior action." *Chesson v. Rives*, 2017 NCBC LEXIS 113, *3 (N.C. Super. Ct. Dec. 13, 2017); *see Atkins v. Nash*, 61 N.C. App. 488, 489, 300 S.E.2d 880, 881 (1983) (explaining that this State's Supreme Court "has treated denial of a motion to dismiss on the ground of a prior action pending as a motion pursuant to" Rule 13(a)); *see also* 1 G. Gray Wilson, *North Carolina Civil Procedure* § 13-5 (3d ed. 2007) ("A motion to dismiss on the ground of a pending prior action may be based on failure to state a claim . . . but will usually be treated as a motion pursuant to Rule 13(a).").

17. Trussway argues that the prior action pending doctrine abates Crescent's new negligence claim because the Consolidated Action and this action involve the same parties and subject matter, and both suits are pending in a court within this State having like jurisdiction. While a motion to dismiss under the prior action pending doctrine is usually brought in circumstances that implicate Rule 13(a), Trussway asserts that the doctrine applies equally to subsequent lawsuits involving permissive claims. Trussway also suggests that Crescent's new suit is an "end-run around Rule 15" and that Crescent should have moved for leave to amend under Rule 15 rather than filing a new lawsuit. (Def.'s Br. Opp'n Mot. Consolidate 3, ECF No. 17.)

18.   Crescent asserts that the prior action pending doctrine does not apply to suits involving claims that would have been considered permissive claims in an earlier action.  Crescent further argues that even if the Court reads the doctrine in the broad manner Trussway promotes, the Court should still deny the Motion to Dismiss because this action does not involve the "same parties" as the Consolidated Action.

19.   The Court need not resolve questions concerning the prior action pending doctrine's precise parameters here.  Under either a narrow application of the doctrine in the context of Rule 13(a) or the broader test for abatement advocated by Trussway, the prior action pending doctrine does not provide grounds for dismissing Crescent's claim in this lawsuit.

20.   First, treating Trussway's motion under the prior action pending doctrine as a motion under Rule 13(a), the Court concludes dismissal of Crescent's claim would be improper.  Under Rule 13(a), a pleading must

> state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

N.C. R. Civ. P. 13(a).  Rule 13(a) "requires a party to assert as a counterclaim any claim arising out of the same transaction or occurrence as the pending action, at peril of being barred from asserting the claim in a later action." *Furr v. Noland*, 103 N.C. App. 279, 281, 404 S.E.2d 885, 886 (1991) (internal quotation marks omitted).

21. For Trussway's motion to succeed under this standard, Trussway must show that Crescent's negligence claim should have been brought as a compulsory counterclaim within the Consolidated Action. If Crescent's claim would be deemed compulsory in the Consolidated Action, then the present claim is abated.

22. Crescent's present claim, however, does not allege a compulsory counterclaim in the Consolidated Action and therefore need not have been brought in that action. When a defendant impleads a third-party defendant, the plaintiff and the third-party defendant are not opposing parties. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 66 n.1 (1996) (citing 3 James W. Moore et al., *Moore's Federal Practice* § 14.26 (2d ed. 1996)). The plaintiff and third-party defendant do not become opposing parties until either the plaintiff asserts a claim against the third-party defendant or the third-party defendant asserts a claim against the plaintiff. *See id.*

23. Crescent and Trussway have not made affirmative claims against each other in the Consolidated Action and, thus, were not "opposing parties" before this lawsuit was filed. As a result, the Consolidated Action did not contain a claim between Crescent and Trussway that could provide the basis for a compulsory counterclaim, and Crescent's negligence claim in this action would not be deemed a compulsory counterclaim in the Consolidated Action. *See* N.C. R. Civ. P. 13(a)–(b) (requiring the presence of an opposing party's claim for a counterclaim to be asserted). Consequently, if Trussway's Motion to Dismiss is treated as a motion under Rule 13(a), the Court concludes that the Motion to Dismiss must be denied.

24. Trussway's Motion to Dismiss fares no better under the broader application of the prior action pending doctrine that Trussway advances, which focuses solely on whether the two actions before the Court "present a substantial identity as to parties, subject matter, issues involved, and relief demanded[.]" *Clark*, 326 N.C. at 21, 387 S.E.2d at 172. While the subject matter of the Consolidated Action and this action are the same and this Court has jurisdiction over both lawsuits, the Court concludes that a substantial identity does not exist as to the parties in the two suits.

25. Trussway supports its assertion that the Consolidated Action and this action present a substantial identity as to parties involved by citing *Clark*. The Court disagrees and finds that *Clark*, in fact, requires that the Court reach the opposite conclusion.

26. The plaintiff in *Clark* brought an initial lawsuit against several defendants. *Id.* at 18, 387 S.E.2d at 170. After appealing the trial court's dismissal of that suit, the plaintiff filed a second lawsuit. *Id.* The second lawsuit named one defendant from the first action but substituted other defendants and added another plaintiff. *Id.* at 21–22, 387 S.E.2d at 172. The original defendant involved in both the prior and new actions asserted the defense of abatement. *Id.* at 19, 387 S.E.2d at 171. The North Carolina Court of Appeals affirmed the trial court's decision to grant the original defendant's plea in abatement and held that the parties in the two cases were substantially similar. *Id.* at 22, 387 S.E.2d at 172. Specifically, the *Clark* court noted that only the original defendant had moved to abate the second action, that the plaintiff's rights against the additional defendants would not be affected by the

abatement, and that "[t]he exclusion of two defendants who had been named in the first suit from [the] second suit ha[d] no bearing on the redundancy of [the] second suit as to the [original defendant.]" *Id.* at 21, 387 S.E.2d at 172. In short, the second suit was properly abated as to the original defendant because the original defendant was an opposing party in the prior suit. *See id.*

27. Trussway's argument is thus correct in one sense—two lawsuits may have substantially similar identities as to the parties involved despite the absence of certain parties from the second lawsuit. What Trussway ignores, however, is the "redundancy" that existed in *Clark* when the same plaintiff brought two lawsuits against the same defendant. Here, in contrast, Trussway is not a defendant in the Consolidated Action, and Crescent has not asserted any claims against Trussway in the Consolidated Action. Crescent's negligence claim in this action is not "redundan[t]" as to Trussway. *Id.* The Court therefore concludes that this action and the Consolidated Action do not "present a substantial identity as to [the] parties" involved. *Id.* Thus, under Trussway's advocated implementation of the prior action pending doctrine, Trussway's Motion to Dismiss must still be denied.

III.

MOTION TO CONSOLIDATE

A. <u>Legal Standard</u>

28. "Rule 42(a) of the North Carolina Rules of Civil Procedure provides the trial court with authority to consolidate pending 'actions involving a common question of law or fact.'" *Boone Ford, Inc. v. IME Scheduler, Inc.*, 800 S.E.2d 94, 96 (N.C. Ct.

App. 2017) (quoting N.C. R. Civ. P. 42(a)). "Whether two or more cases should be consolidated for trial is a decision left to the sound discretion" of the trial judge. *Id.* "A trial court's ruling on a Rule 42 motion will not be reversed on appeal absent a manifest abuse of discretion." *Markham v. Nationwide Mut. Fire Ins. Co.*, 125 N.C. App. 443, 448, 481 S.E.2d 349, 353 (1997).

B. Analysis

29. For the following reasons, the Court concludes that consolidation is appropriate in this case.

30. First, the record demonstrates that the Consolidated Action and this action contain common questions of law and fact, and both Crescent and Trussway acknowledge that this action is substantially related to the Consolidated Action. (Def.'s Br. Supp. Mot. Dismiss 3, ECF No. 16; Mot. Consolidate ¶ 9.)

31. Second, when duplicative actions arise, parties and third parties often incur considerable, undue expense. *See Wood v. Brown*, 25 N.C. App. 241, 245, 212 S.E.2d 690, 692 (1975) (finding that "justice would best be served by" consolidating two related actions and avoiding "considerable expense"). Consolidating the actions here will be less costly than requiring them to proceed separately and less likely to cause financial prejudice to any party.

32. Third, a decision to leave the actions separate may leave Trussway open to inconsistent verdicts. *See Green v. Duke Power Co.*, 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982) ("[W]hen the same issues are present in both trials, [it] creat[es] the

possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue.").

33. Fourth, at the May 30, 2018 hearing, Trussway indicated that, should the Court deny Trussway's Motion to Dismiss, consolidation would be the least prejudicial option available to the Court from Trussway's perspective. Thus, given the Court's decision to deny the Motion to Dismiss, both parties to this action now favor consolidation.[3]

34. The Court thus concludes, in the exercise of its discretion, for the reasons stated above and in the interests of judicial economy, that the Consolidated Action and this action should be consolidated for all future proceedings, including but not limited to trial, under North Carolina Rule of Civil Procedure 42.

IV.

CONCLUSION

35. Based on the foregoing, the Court hereby **ORDERS** as follows:

a. The Motion to Dismiss is **DENIED**.

b. The Motion to Consolidate this action (Mecklenburg County, No. 18 CVS 1642) and the Consolidated Action (Mecklenburg County, Nos. 15 CVS 14745 and 16 CVS 14844) is **GRANTED**, and the Court shall enter an order in the Consolidated Action stating the same.

---

[3] Additionally, the other parties to the Consolidated Action that have chosen to weigh in on Crescent's Motion to Consolidate unanimously consent to consolidation. Defs.' AP Atlantic and Adolfson & Peterson Construction, Inc.'s Resp. and Approval Crescent's Mot. Consolidate at 5, *Crescent Univ. City Venture, LLC*, No. 15 CVS 14745 (Feb. 22, 2018).

c.  This action and the Consolidated Action shall be consolidated for all future proceedings, including but not limited to trial, and prior pleadings shall be deemed filed in both actions.

d.  The AP Atlantic Action shall remain the Lead Action in the Consolidated Action and matters filed in the Lead Action shall be deemed to be filed in the AP Atlantic Action, the Crescent Action, and this action.  Accordingly, (i) all future pleadings in the AP Atlantic Action, the Crescent Action, or this action shall be filed in and made part of the Lead Action, (ii) the case caption for all future pleadings in the AP Atlantic Action, the Crescent Action, or this action shall be captioned in the Lead Action, and (iii) copies of the pleadings in this action filed prior to the entry of this Order shall be incorporated into and made part of the Lead Action.

e.  All disputed issues raised in this action shall be deemed to be disputed issues in the Lead Action.

f.  This action shall be subject to the Court's September 20, 2016 Case Management Order in the AP Atlantic Action and all subsequent amendments to that order, and counsel in this action does not need to conduct a separate case management meeting or submit a case management report to the Court in this action.

g.  Counsel for all parties in the Consolidated Action shall meet and confer and submit to the Court a joint status report concerning any revisions to the current case management deadlines that the parties believe are required

as a result of the Court's decision to grant the Motion to Consolidate. The parties shall have through and including August 3, 2018 to file this report.

h. In the event the parties cannot agree on the matters contained within the joint status report, the parties shall file a joint status report detailing the parties' respective positions on revisions to the current case management deadlines by the same date.

**SO ORDERED**, this the 16th day of July, 2018.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge